IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VDPP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> VOLKSWAGEN GROUP OF AMERICA, INC., <br><br> Defendant. | Case No. 4:23-cv-2961 <br><br> JURY TRIAL DEMANDED |

**DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)**

## **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND .............................................................................................................. 2

III. LEGAL STANDARDS ................................................................................................... 2

    A. Patent Marking............................................................................................................. 3

    B. Willful and Indirect Infringement............................................................................. 4

    C. Venue ............................................................................................................................ 4

IV. ARGUMENT.................................................................................................................... 5

    A. VDPP Failed to Comply With the Marking Statute Before the '452 Patent Expired, and Thus No Relief is Possible ................................................................. 5

    B. Because Amendment Would be Futile, the Court Should Dismiss VDPP's Claims with Prejudice ............................................................................................................. 6

    C. VDPP's Complaint Does Not Allege Pre-Expiration Notice of the '452 Patent, and Thus Cannot Support Claims of Indirect and Willful Infringement ................ 9

    D. VDPP Pled Itself Out of Court by Failing to Establish Proper Venue ................. 10

V. CONCLUSION............................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Ackerson v. Bean Dredging LLC*,
   589 F.3d 196 (5th Cir. 2009) .................................................................................................. 6

*ALD Social LLC v. Verizon Commc'ns, Inc.*,
   22-cv-1011, 2023 U.S. Dist. LEXIS 177083 (W.D. Tex. Sept. 30, 2023) ............................... 8

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*,
   6 F.3d 1523 (Fed. Cir. 1993) ................................................................................................... 8

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017) ....................................................................................... 3, 5, 7

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
   950 F.3d 860 (Fed. Cir. 2020) ......................................................................................... 3, 5, 7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................................ 3

*Babbage Hldgs., LLC v. Activision Blizzard, Inc.*,
   2:13-750, 2014 WL 2115616 (E.D. Tex. May 15, 2014) ................................................ 4, 9, 10

*Bayer Healthcare LLC v. Baxalta Inc.*,
   989 F.3d 964 (Fed. Cir. 2021) ............................................................................................. 4, 9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................................ 3

*Braspetro Oil Servs. Co. v. Modec (USA) Inc.*,
   240 F. App'x 612 (5th Cir. 2007) ............................................................................................ 5

*Briggs v. Mississippi*,
   331 F.3d 499 (5th Cir. 2003) .................................................................................................. 6

*Cardona v. Mayorkas*,
   1:20-cv-132, 2021 WL 8944606 (S.D. Tex. Oct. 28, 2021) .................................................... 6

*Clinicomp Int'l, Inc. v. Cerner Corp.*,
   17-cv-2479, 2018 WL 2229364 (S.D. Cal. May 16, 2018) ............................................... 2, 10

*Criswell v. Lumpkin*,
   H-20-3108, 2022 WL 1692832 (S.D. Tex. May 26, 2022) ..................................................... 3

*Douglas v. DePhillips*,
   740 F. App'x 403 (5th Cir. 2018) ............................................................................................ 8

*DSU Med. Corp. v. JMS Co.*,
    471 F.3d 1293 (Fed. Cir. 2006) .................................................................................... 4, 9

*Dunlap v. Schofield*,
    152 U.S. 244 (1894) .............................................................................................................. 3

*e-Watch Inc. v. Avigilon Corp.*,
    13-347, 2013 WL 5231521 (S.D. Tex. Sept. 13, 2013) ...................................... 3, 6, 7

*Goldstein v. MCI WorldCom*,
    340 F.3d 238 (5th Cir. 2003) ............................................................................................ 8

*Gov. of Canal Zone v. Burjan*,
    596 F.2d 690 (5th Cir. 1979) .......................................................................................... 11

*Graham v. Dyncorp Int'l, Inc.*,
    973 F. Supp. 2d 698 (S.D. Tex. 2013) ............................................................................ 5

*John Bean Techs. Corp. v. Morris & Assocs., Inc.*,
    988 F.3d 1334 (Fed. Cir. 2021) ...................................................................................... 10

*Kearns v. Chrysler Corp.*,
    32 F.3d 1541 (Fed. Cir. 1994) ........................................................................................ 10

*Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*,
    6:20-cv-317, 2021 WL 4555608 (W.D. Tex. Oct. 4, 2021) ................................... 9, 10

*Lans v. Digit. Equip. Corp.*,
    252 F.3d 1320 (Fed. Cir. 2001) .............................................................................. 3, 5, 6, 7

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
    572 U.S. 915 (2014) ............................................................................................................ 10

*Logic Devices, Inc. v. Apple, Inc.*,
    13-2943, 2014 WL 60056 (N.D. Cal. 2014) ............................................................. 9, 10

*Maxwell v. J. Baker, Inc.*,
    86 F.3d 1098 (Fed. Cir. 1996) .......................................................................................... 3

*Plotagraph, Inc. v. Lightricks, Ltd.*,
    620 F. Supp. 3d 591 (S.D. Tex. 2022) ........................................................................... 6

*Princeton Dig. Image Corp. v. Ubisoft Entm't SA*,
    13-335, 2017 WL 6337188 (D. Del. Dec. 12, 2017) ................................................... 4

*Robocast, Inc. v. YouTube, LLC*,
    22-304, 2022 WL 16922035 (D. Del. Nov. 14, 2022) ...................................... 4, 9, 10

*SB IP Hldgs., LLC v. Vivint Smart Home, Inc.*,

iv

4:20-cv-886, 2021 WL 1721715 (E.D. Tex. Apr. 30, 2021) ...................................................... 2

*Schiller v. Physicians Res. Grp., Inc.*,
    342 F.3d 563 (5th Cir. 2003) ................................................................................................ 9

*Signal IP, Inc. v. Nissan N. Am., Inc.*,
    14-2962, 2014 WL 12597125 (C.D. Cal. Sept. 19, 2014) ................................................. 2, 4

*Tajudeen v. Johnston*,
    4:23-cv-610, 2023 WL 4408709 (S.D. Tex. July 7, 2023) ................................................ 4, 5

*Uniboard Aktiebolag v. Acer Am. Corp.*,
    118 F. Supp. 2d 19 (D.D.C. 2000) ...................................................................................... 3, 6

*United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*,
    336 F.3d 375 (5th Cir. 2003) ................................................................................................ 8

*United States v. Lopez*,
    880 F.3d 974 (8th Cir. 2018) .............................................................................................. 11

*VDPP, LLC v. Toyota Motor N. Am., Inc.*,
    1:23-cv-958 (W.D. Tex. Aug. 14, 2023) ............................................................................. 11

*Vita-Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009) ......................................................................................... 4, 9

*Volkswagen Grp. of Am., Inc. v. Varona*,
    1:19-cv-24838 (S.D. Fla. Nov. 22, 2019) ........................................................................... 11

*Weaver v. United States*,
    298 F.2d 496 (5th Cir. 1962) .............................................................................................. 11

*Wi-Lan USA, Inc. v. Research in Motion Ltd.*,
    12-cv-24349, 2013 WL 12092486 (S.D. Fla. June 7, 2013) ................................................ 4

**Statutes**

28 U.S.C. § 124(d)(4) ................................................................................................................ 11

28 U.S.C. § 1400(b) .................................................................................................................... 5

35 U.S.C. § 154(a)(2) .................................................................................................................. 2

35 U.S.C. § 154(b) ...................................................................................................................... 2

35 U.S.C. § 287 ................................................................................................................... passim

**Rules**

Fed. R. Civ. P. 12(b)(3) ................................................................................................ 4, 5, 10, 11

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 3, 4, 5, 6

**I.      INTRODUCTION**

This case should have never been filed. Plaintiff VDPP, LLC ("VDPP") asserts an expired patent for which damages are impossible under foreclosed legal theories in the wrong court. Nothing about the complaint is sound, and Defendant Volkswagen Group of America, Inc. ("Volkswagen") respectfully requests the Court to dismiss it with prejudice.

The complaint's most fundamental error is its requested relief. VDPP seeks damages and an injunction on an expired patent but never shows that it complied with the marking statute (35 U.S.C. § 287) while the patent was in force. Relief is therefore impossible: VDPP cannot receive pre-suit damages because it failed to comply with § 287, and it cannot receive post-suit damages or an injunction because the patent already expired. There is no relief the Court can grant.

The remainder of the complaint compounds these problems. VDPP asserts claims of indirect and willful infringement but never asserts Volkswagen knew of the asserted patent before it expired. Nor does VDPP contend Volkswagen specifically intended to infringe or induce infringement during that time. These claims thus fail as a matter of law and should be dismissed.

The complaint's venue assertions are copy-and-paste mistakes. VDPP asserts venue by pointing to a Toyota facility located in "San Antomio [sic], Texas." Dkt. 1 ¶ 2. This claim fails twice over: Volkswagen and Toyota are unrelated, and San Antonio is not located in the Southern District of Texas. Even according to VDPP, it sued in the wrong District.

The number and type of errors in VDPP's complaint makes this case stand out from others. It is simply unreasonable to assert an expired patent without trying to comply with the marking statute on legal theories withering under minimal scrutiny. Volkswagen addressed these issues to VDPP before filing this motion but, as discussed below, VDPP disregarded every issue raised in this motion. The Court should dismiss this case with prejudice.

1

## II.  BACKGROUND

This is a simple patent suit. The complaint asserts one patent, U.S. Patent No. 9,426,452 ("the '452 patent"). The patent claims priority through a series of intervening applications to U.S. Patent No. 7,030,902, filed January 22, 2002.[1] *See* '452 patent, Cover. The '452 patent has no patent term adjustment under 35 U.S.C. § 154(b). *Id.* Thus, the '452 patent expired on January 22, 2022—twenty years from the filing date of the earliest application from which it claims priority. *See* 35 U.S.C. § 154(a)(2) (defining a patent's term as "ending 20 years … from the date on which the earliest such application [to which the patent claims priority] was filed"); *Clinicomp Int'l, Inc. v. Cerner Corp.*, 17-cv-2479, at *3-7 (S.D. Cal. May 16, 2018) (discussing this calculation).

VDPP brought this action on August 11, 2023 and served its complaint on August 24, 2023. *See* Dkts. 1, 8. The complaint does not allege that VDPP or its licensees notified Volkswagen of alleged infringement—constructively or otherwise—before this date. *See* Dkt. 1 ¶¶ 10 ("Defendant has known of the '452 patent and the technology underlying it from at least the filing date of the lawsuit."), 11 (same). The '452 patent thus expired long before VDPP claims to have notified Volkswagen of alleged infringement.

## III. LEGAL STANDARDS

Courts dismiss complaints that fail to plead a plausible claim for relief. Fed. R. Civ. P. 12(b)(6). While courts treat well-pled facts as true, bare legal conclusions and labels do not suffice.

---

[1] The cover of the '452 patent suffices to show the filing date of the parent '902 patent. *See, e.g.*, *Signal IP, Inc. v. Nissan N. Am., Inc.*, 14-2962, 2014 WL 12597125, at *3 (C.D. Cal. Sept. 19, 2014) (using information on patent's cover to deduce expiration date). Should VDPP dispute the accuracy of its own patent, however, Defendant's reply will provide file histories for the Court's judicial notice. *See SB IP Hldgs., LLC v. Vivint Smart Home, Inc.*, 4:20-cv-886, 2021 WL 1721715, at *1 (E.D. Tex. Apr. 30, 2021) ("Courts routinely take judicial notice of patents, prosecution history, and patent applications."); *Clinicomp Int'l, Inc. v. Cerner Corp.*, 17-cv-2479, 2018 WL 2229364, at *2 (S.D. Cal. May 16, 2018) (taking judicial notice of patent's file history to determine expiration date).

*See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal, a complaint must "set forth 'enough facts to state a claim to relief that is plausible on its face.'" *Criswell v. Lumpkin*, H-20-3108, 2022 WL 1692832, at *2 (S.D. Tex. May 26, 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### A. Patent Marking

Under the patent marking statute, a patentee must provide actual or constructive notice of alleged infringement before damages begin to accrue. 35 U.S.C. § 287(a); *e-Watch Inc. v. Avigilon Corp.*, 13-347, 2013 WL 5231521, at *3 (S.D. Tex. Sept. 13, 2013). When a patentee fails to provide this notice before a patent expires, the patentee cannot receive damages. *See, e.g.*, *Lans v. Digit. Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) ("[B]ecause [Plaintiff] did not inform [Defendants] of infringement before expiration of the [] patent, § 287(a) prevents [Plaintiff] from collecting damages."). Nor can a patentee obtain an injunction on an expired patent. *E.g.*, *id.* ("[A] district court cannot enjoin [a defendant] from infringing an expired patent.").

The burden of pleading and proving compliance with the marking statute falls on the patentee. *See Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("*Arctic Cat I*") (citing *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996); *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894)). This burden includes alleging compliance by the patentee's licensees. *See Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020) ("*Arctic Cat II*"); *Arctic Cat I*, 876 F.3d at 1366. When a patentee does not plead such compliance, courts may dismiss the complaint. *Lans*, 252 F.3d at 1328-29 (affirming a Rule 12(b)(6) dismissal for lack of pre-expiry notice), *aff'g Uniboard Aktiebolag v. Acer Am. Corp.*, 118 F. Supp. 2d 19, 26-27 (D.D.C. 2000); *e-Watch*, 2013 WL 5231521, at *3 ("The Federal Circuit[] specifically allows addressing the § 287(a) issue through a motion to dismiss.").

### B. Willful and Indirect Infringement

Courts may also dismiss implausible claims of willful and indirect infringement on Rule 12(b)(6) motions. *See, e.g.*, *Babbage Hldgs., LLC v. Activision Blizzard, Inc.*, 2:13-750, 2014 WL 2115616, at *1-2 (E.D. Tex. May 15, 2014); *Princeton Dig. Image Corp. v. Ubisoft Entm't SA*, 13-335, 2017 WL 6337188, at *1-2 (D. Del. Dec. 12, 2017). These theories require, among other things, knowledge of the asserted patent and a specific intent to infringe or encourage infringement while the patent is in force. *See, e.g.*, *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021) ("Knowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness. Rather, willfulness requires deliberate or intentional infringement."); *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009); *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305-06 (Fed. Cir. 2006) (en banc).

Claims of indirect and willful infringement are dismissed when a plaintiff fails to plausibly establish these elements. For example, courts have dismissed claims for indirect and willful infringement when the plaintiff does not allege that, prior to a patent's expiration, a defendant (1) knew of the asserted patent or (2) specifically intended to infringe or encourage infringement. *See, e.g.*, *Babbage*, 2014 WL 2115616, at *2 (dismissing claims of indirect infringement when plaintiff did not notify defendant of alleged infringement before patent expired); *Princeton*, 2017 WL 6337188, at *1-2 (dismissing claims of indirect and willful infringement on same basis); *see also, e.g.*, *Robocast, Inc. v. YouTube, LLC*, 22-304, 2022 WL 16922035, at *2 (D. Del. Nov. 14, 2022); *Signal IP*, 2014 WL 12597125, at *3; *Wi-Lan USA, Inc. v. Research in Motion Ltd.*, 12-cv-24349, 2013 WL 12092486, at *3 (S.D. Fla. June 7, 2013).

### C. Venue

Fed. R. Civ. P. 12(b)(3) permits courts to dismiss cases for improper venue. *See Tajudeen v. Johnston*, 4:23-cv-610, 2023 WL 4408709, at *1 (S.D. Tex. July 7, 2023). In patent cases, venue

4

is proper where a defendant resides, or has committed acts of infringement and has a regular and established place of business. 28 U.S.C. § 1400(b). Once a defendant challenges venue, the plaintiff bears the burden of showing that venue is proper. *Tajudeen*, 2023 WL 4408709, at *1 (citing *Graham v. Dyncorp Int'l, Inc.*, 973 F. Supp. 2d 698, 700 (S.D. Tex. 2013); *Braspetro Oil Servs. Co. v. Modec (USA) Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007)).

IV.     ARGUMENT

VDPP's complaint asserts an expired patent for which no relief is possible in the wrong court. Volkswagen thus respectfully asks the Court to dismiss (1) the complaint under Rule 12(b)(6) for failing to comply with § 287, (2) VDPP's claims for indirect and willful infringement under Rule 12(b)(6), and (3) the complaint for improper venue under Rule 12(b)(3).

### A.     VDPP Failed to Comply With the Marking Statute Before the '452 Patent Expired, and Thus No Relief is Possible

The complaint fails to state a plausible claim for relief. A patentee cannot obtain an injunction on an expired patent. *E.g.*, *Lans*, 252 F.3d at 1328. Nor do damages accrue until the patentee notifies the defendant of the alleged infringement. 35 U.S.C. § 287(a). Patentees may satisfy this notice requirement constructively—i.e., by marking patented products—or through providing actual notice to an alleged infringer. *Id.*; *see also Arctic Cat II*, 950 F.3d at 864; *Arctic Cat I*, 876 F.3d at 1366. When a patentee fails to provide this notice before a patent expires, however, the patentee cannot receive damages or an injunction. *Lans*, 252 F.3d at 1328. The burden of pleading compliance with § 287 falls on the patentee. *Arctic Cat I*, 876 F.3d 1366.

These simple legal precepts dispose of VDPP's case. The asserted '452 patent expired on January 22, 2022. *See* Section II, *supra*. VDPP first notified Volkswagen of alleged infringement through service of the complaint filed in August 2023. *Id.* The complaint does not allege that VDPP or its licensees provided actual or constructive notice of infringement before this date. *See* Dkt. 1;

5

*see also* Section IV.B., *infra* (discussing products VDPP alleges practice the '452 patent). Nor does VDPP show how it is somehow exempt from § 287's marking requirement. *Id.* Thus, the '452 patent expired long before VDPP gave Volkswagen notice of alleged infringement under § 287. VDPP cannot receive damages as a matter of law. *See* 35 U.S.C. § 287(a); *Lans*, 252 F.3d at 1328; *see also e-Watch*, 2013 WL 5231521, at *3 (dismissing all pre-suit damages for failure to comply with the marking statute); *Uniboard*, 118 F. Supp. 2d at 27. Nor can VDPP obtain an "permanent injunction" or "future" damages (*see* Dkt. 1 at 5) on an expired patent. *E.g.*, *Lans*, 252 F.3d at 1328; *Uniboard*, 118 F. Supp. 2d at 27. There is no relief VDPP can seek.

Accordingly, Volkswagen requests dismissal of the complaint under Rule 12(b)(6). *Lans*, 252 F.3d at 1328; *e-Watch*, 2013 WL 5231521, at *3; *Uniboard*, 118 F. Supp. 2d at 26-27.

### B. Because Amendment Would be Futile, the Court Should Dismiss VDPP's Claims with Prejudice

VDPP's failure to comply with the marking statute is not just fatal—it is incurable. Volkswagen therefore respectfully requests the Court to dismiss this case *with prejudice*. Alternatively, Volkswagen respectfully asks the Court to require VDPP to address the marking issue in any amended pleading following this motion.

Courts will not grant leave to amend pleadings when doing so would be futile. *See, e.g.*, *Cardona v. Mayorkas*, 1:20-cv-132, 2021 WL 8944606, at *1 (S.D. Tex. Oct. 28, 2021) (citing *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009); *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003)). An amendment is futile when it would be subject to dismissal. *Id.* Courts may thus dismiss complaints with prejudice when no plausible amendment would state a viable claim. *See Plotagraph, Inc. v. Lightricks, Ltd.*, 620 F. Supp. 3d 591, 602 (S.D. Tex. 2022).

Here, Volkswagen has grave doubts that VDPP can amend its complaint in good faith to allege compliance with the marking statute. VDPP never claims to have provided Volkswagen

6

with actual notice of alleged infringement prior to this action. *See* Dkt. 1 ¶¶ 10-11 ("Defendant has known of the 452 patent and the technology underlying it from at least the filing date of the lawsuit."). Thus, according to VDPP's own complaint, no damages could possibly be due. *E.g.*, *Lans*, 252 F.3d at 1328; *e-Watch*, 2013 WL 5231521, at *3.

VDPP's ability to allege prior constructive notice is similarly tenuous. VDPP previously asserted the '452 patent against companies including Facebook, Acer, and TTE Technology. *See, e.g.*, *VDPP LLC v. Facebook Techs., LLC*, No. 3:19-cv-4597 (N.D. Cal.); *VDPP LLC v. Acer Am. Corp.*, 3:19-cv-4571 (N.D. Cal.); *VDPP LLC v. TTE Tech., Inc.*, No. 5:19-cv-02019 (C.D. Cal.). Those cases involved alleged infringement of the '452 patent by products such as Facebook's Portal device, Acer's Liquid Smartphones and Iconia One tablets, and TTE's Alcatel mobile phones and tablets. *See Facebook*, Dkt. 1 ¶ 15, Dkt. 71; *Acer*, Dkt. 1 ¶ 16, Dkt. 38; *TTE*, Dkt. 1 ¶ 17, Dkt. 25. These cases all settled. For VDPP to allege constructive notice, VDPP must show that it required *all* these products to mark the '452 patent and that it enforced this requirement. *See Arctic Cat II*, 950 F.3d at 864-65; *Arctic Cat I*, 876 F.3d at 1366.

Nothing in VDPP's complaint suggests—let alone asserts—that the above products comply with § 287. *See* Dkt. 1. Nor would it be trivial to make such an allegation. Because VDPP bears the burden of pleading marking compliance, VDPP would have to such how *every licensed product* either marks the '452 patent or does not practice its claims. *See Arctic Cat II*, 950 F.3d at 864; *Arctic Cat I*, 876 F.3d at 1366-68. The former is a substantial undertaking, and the latter admits that VDPP had no good faith basis to bring its prior lawsuits.

Nor can VDPP elude the marking requirement by asserting other claims. The '452 patent contains only system and apparatus claims. *See* '452 patent, claims 1-4. VDPP thus cannot amend its complaint to assert only method claims (where no marking is required). *See, e.g.*, *Am. Med.*

7

*Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538-39 (Fed. Cir. 1993) ("Where [a] patent contains both apparatus and method claims, … a party is obligated to [mark] if it intends to avail itself of the constructive notice provisions of section 287(a)."). This makes § 287's marking requirement unavoidable.

To avoid burdening the Court with this dispositive issue, Volkswagen sent VDPP a letter on September 29, 2023, raising this and other deficiencies in VDPP's complaint. Ex. A. VDPP's response was incoherent and entirely ignored the marking issue under § 287. Ex. B. A summary of the deficiencies raised by Volkswagen and VDPP's responses is set forth below.

| **Deficiency Identified by Volkswagen** | **VDPP's Response** |
|---|---|
| Failure to mark under 35 U.S.C. § 287 | **No response** |
| Lack of indirect infringement | **No response** |
| Lack of willful infringement | **No response** |
| Invalidity under 35 U.S.C. § 101 | **Partial (nonsensical) response** |
| Failure to plead proper venue | **No response** |

VDPP's silence regarding the fatal errors in its complaint shows that VDPP cannot amend in good faith to allege compliance with § 287. Unless VDPP's response to this motion articulates specific, credible theories as to how it intends to show compliance with § 287(a), Volkswagen respectfully asks the Court to dismiss this case with prejudice. The Fifth Circuit and courts in this District have endorsed such an approach. *See, e.g.*, *ALD Social LLC v. Verizon Commc'ns, Inc.*, 22-cv-1011, 2023 U.S. Dist. LEXIS 177083, at *20-22 (W.D. Tex. Sept. 30, 2023) (citing *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 387 (5th Cir. 2003); *Douglas v. DePhillips*, 740 F. App'x 403, 406 (5th Cir. 2018); *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254-55 (5th Cir. 2003); *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 565 (5th

8

Cir. 2003)). Given VDPP's facially-deficient contentions in this case—and its silence when confronted (Exs. A, B)—the same approach is even more appropriate here.

### C. VDPP's Complaint Does Not Allege Pre-Expiration Notice of the '452 Patent, and Thus Cannot Support Claims of Indirect and Willful Infringement

VDPP's complaint also fails to support its claims of indirect and willful infringement. *See* Dkt. 1 ¶ 12, Prayer for Relief. Because VDPP never alleges that Volkswagen knew of the '452 patent before it expired, these claims are impossible.[2] The Court should dismiss them.

Both indirect and willful infringement require, at a minimum, knowledge of an asserted patent while it was in force. *Bayer*, 989 F.3d at 988; *Vita-Mix*, 581 F.3d at 1328; *DSU*, 471 F.3d at 1305-06; *see also, e.g.*, *Babbage*, 2014 WL 2115616, at *2 ("[Plaintiff]'s indirect infringement claims require a Defendant to have knowledge of the asserted patent during the time [it] was in force."); *Robocast*, 2022 WL 16922035, at *2 ("Plaintiff has failed to state a claim for indirect and willful infringement of the [asserted] patents because Plaintiff fails to plausibly allege knowledge of the asserted patent before their expiration."). When a complaint does not allege pre-expiration knowledge of an asserted patent, courts dismiss claims of indirect and willful infringement. *E.g.*, *Babbage*, 2014 WL 2115616, at *2; *Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*, 6:20-cv-317, 2021 WL 4555608, at *2 (W.D. Tex. Oct. 4, 2021); *Robocast*, 2022 WL 16922035, at *2; *Logic Devices, Inc. v. Apple, Inc.*, 13-2943, 2014 WL 60056, at *2-3 (N.D. Cal. 2014).

Here, VDPP alleges that Volkswagen first became aware of the '452 patent in August 2023 by virtue of the complaint. *See* Dkt. 1 ¶¶ 10-11. But the '452 patent expired in January 2022—a year-and-a-half earlier. Section II, *supra*. Therefore, even under the most charitable reading of the complaint, Volkswagen was unaware of the '452 patent until long after it expired. Indirect and

---

[2] As noted above, *see supra* at 8, Volkswagen raised this issue to VDPP, and VDPP had no response.

9

willful infringement are thus impossible. *See, e.g.*, *Babbage*, 2014 WL 2115616, at *2; *Kirsch*, 2021 WL 4555608, at *2; *Robocast*, 2022 WL 16922035, at *2; *Clinicomp*, 2018 WL 2229364, at *2, *7; *Logic*, 2014 WL 60056, at *2-3. Nor can VDPP's complaint provide actionable notice, as there can be no infringement—direct, indirect, willful, or otherwise—once a patent expires. *See, e.g.*, *Kearns v. Chrysler Corp.*, 32 F.3d 1541, 1550 (Fed. Cir. 1994) ("[T]here can be no infringement once [a] patent expires."); *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014) ("[I]nducement liability may arise 'if, but only if there is direct infringement." (internal alterations omitted)); *John Bean Techs. Corp. v. Morris & Assocs., Inc.*, 988 F.3d 1334, 1341 (Fed. Cir. 2021) ("If there is no infringement, there cannot be willful infringement.").

Accordingly, the Court should dismiss VDPP's claims of indirect and willful infringement.

**D.  VDPP Pled Itself Out of Court by Failing to Establish Proper Venue**

The Court can also dismiss this case under Rule 12(b)(3) for improper venue.[3] According to the complaint, venue is proper because Volkswagen has a business at "1 Lone Star Pass, San Antomio [sic], Texas 78264." Dkt. 1 ¶ 2. There are at least two problems with this assertion.

First, this location is not a Volkswagen location. It is a Toyota location:



VDPP appears to have copied this allegation—typo and all—from its complaint against Toyota in another case. *See VDPP, LLC v. Toyota Motor N. Am., Inc.*, 1:23-cv-958, Dkt. 1, ¶ 2 (W.D. Tex.

---

[3] As noted above, Volkswagen raised this issue to VDPP, and VDPP had no response.

10

Aug. 14, 2023). The copied language also incorrectly states that Volkswagen is a Delaware corporation (Dkt. 1 ¶ 2) when it is in fact a New Jersey corporation. *See, e.g.*, *Volkswagen Grp. of Am., Inc. v. Varona*, 1:19-cv-24838, Dkt. 1, ¶ 6 (S.D. Fla. Nov. 22, 2019).

Second, even if this "San Antomio [sic]" location belonged to Volkswagen, San Antonio does not lie in this District. Instead, San Antonio sits in the *Western* District of Texas. *See* 28 U.S.C. § 124(d)(4) (defining the "San Antonio division" of W.D. Tex.). Courts have long taken judicial notice of the boundaries and locations of judicial districts for venue purposes. *E.g.*, *Gov. of Canal Zone v. Burjan*, 596 F.2d 690, 693 (5th Cir. 1979) ("[V]enue as a jurisdictional fact is a proper subject for judicial notice."); *Weaver v. United States*, 298 F.2d 496, 498-99 (5th Cir. 1962); *see also, e.g.*, *United States v. Lopez*, 880 F.3d 974, 982 (8th Cir. 2018). Here, Volkswagen respectfully requests the Court to take judicial notice that San Antonio is not part of the Southern District of Texas. Thus, VDPP's complaint fails to establish that venue is proper.[4]

Accordingly, the Court should dismiss the complaint under Rule 12(b)(3).

## V. CONCLUSION

For the foregoing reasons, the Court should grant Volkswagen's motion to dismiss and dismiss this case with prejudice.

---

[4] As a matter of candor to the Court, Volkswagen notes that it has an established place of business in Houston, Texas. To the extent VDPP is permitted to amend its complaint, VDPP should correctly identify Volkswagen's state of incorporation and place of business. Volkswagen reserves the right to object and respond to any amended allegations of venue.

11

Dated: October 13, 2023

Respectfully submitted,

By: /s/ *T. Christopher Trent*
    T. Christopher Trent
    JOHNSON, TRENT & TAYLOR, LLP
    State Bar No. 20209400
    Federal ID No. 14244
    919 Milam, Suite 1500
    Houston, TX 77002
    (713) 222-2323 – Telephone
    ctrent@johnsontrent.com

**ATTORNEY IN-CHARGE FOR DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.**

OF COUNSEL:

Elliot C. Cook *(pro hac forthcoming)*
VA Bar No. 76,621
Joseph M. Schaffner *(pro hac vice forthcoming)*
VA Bar No. 85,631
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
1875 Explorer Street, 8th Floor
Reston, VA 20190-6023
(571) 203-2700 – Telephone
elliot.cook@finnegan.com
joseph.schaffner@finnegan.com

**ATTORNEYS FOR DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that on October 13, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system pursuant to the Federal Rules of Civil Procedure. Parties may access this filing through the Court's system.

      */s/    T. Christopher Trent*
      T. Christopher Trent