IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VDPP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC.,<br><br>Defendant | Civil Action No. 4:23-cv-02961<br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF VDPP, LLC'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

i

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................. 1

II. APPLICABLE LAW ............................................................................................................ 1

    A. Failure to State a Claim............................................................................................ 1

    B. Marking Statute........................................................................................................ 3

    C. Indirect and Willful Infringement............................................................................ 4

III. ARGUMENT........................................................................................................................ 4

    A. Plaintiff Is A Non-Practicing Entity, Has No Product To Mark, And May Still Recover Damages .................................................................................................... 5

    B. Is Proper .................................................................................................................. 6

IV. LEAVE TO AMEND .......................................................................................................... 6

V. CONCLUSION ..................................................................................................................... 6

**TABLE OF AUTHORITIES**

Cases

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350 (Fed. Cir. 2017). ..... 4, 5, 6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................... 2

*Bowmar Archery LLC v. VIP Veteran Innovative Prods. LLC*, 2023 U.S. Dist. LEXIS 91 (W.D. Tex. Jan. 3, 2023)................................................................................................................. 3

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256 (Fed. Cir. 2018) ................................. 3

*Dunlap v. Schofield*, 152 U.S. 244, 14 S.Ct. 576, 38 L.Ed. 426 (1894) ......................................... 5

*Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 579 U.S. 93, 136 S.Ct. 1923, 1933, 195 L.Ed.2d 278 (2016).................................................................................................................. 4

*Hunton Energy Holdings, LLC v. HL Seawater Holdings, LLC*, 539 F. Supp. 3d 685 (S.D. Tex. 2021) .................................................................................................................................... 3

*Johnson v. BOKF Nat'l Ass'n*, 15 F.4th 356 (5th Cir. 2021)............................................................. 2

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383 (5th Cir. 2010) ..................... 2

*Nalco Co. v. Chem-Mod, LLC* , 883 F.3d 1337 (Fed. Cir. 2018) ..................................................... 4

*Panasonic Corp. v. Magna Intl., Inc.*, 6:21-ev-00319-ADA, 2022 U.S. Dist. LEXIS 10040 (W.D. Tex. Feb 20, 2022)................................................................................................................... 2

*Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 U.S. Dist. LEXIS 144094; 2019 WL 3940952 (W.D. Tex. July 26, 2019)............................................................. 4

*Qwikeash, LLC v. Blackhawk Network Holdings, Inc.*, No. 4:19-CV-876-SDJ, 2020 U.S. Dist. LEXIS (E.D. Tex. Nov. 17, 2020) ......................................................................................... 3

*Skinner v Switzer*, 562 U.S. 521, 530, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011) ........................... 2

*Slyce Acquisition, Inc. v. Syte - Visual Conception*, 535 Ltd., 422 F. Supp. 3d 1191 (W.D. Tex. 2019) .................................................................................................................................. 2

*Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344 (Fed. Cir. 2016) ................................ 4

*Wine Ry. Appliance Co. v. Enterprise Ry. Equip. Co.*, 297 U.S. 387, 56 S.Ct. 528, 80 L.Ed. 736 (1936) ........................................................................................................... 4, 5

### Statutes

35 U.S.C. § 271 ........................................................................................................................ 2, 4

35 U.S.C. § 287 ............................................................................................................................ 5

Plaintiff VDPP, LLC ("VDPP" or "Plaintiff") files Response to Defendant, Volkswagen Group of America, Inc.'s ("Volkswagen" or "Defendat") Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) ("Motion") (ECF 13). For the reasons set forth below, Defendant's Motion should be denied.

## I.     INTRODUCTION

VDPP filed its Complaint (ECF 1) in this case on August 11, 2023. VDPP alleges that Volkswagen infringes the claims of U.S. Patent No. 9,46,452 (the "'452 patent"). The '452 patent, entitled "Faster State Transitioning for Continuous Adjustable 3Deeps Filter Spectacles Using Multi-Layered Variable Tint Materials" was duly and legally issued by the U.S. Patent and Trademark Office on August 23, 2016 (ECF 1-1). 7. The '452 patent relates to an electrically controlled spectacle frame and optoelectronmic lenses housed in the frame (ECF 1, ¶ 7; ECF 1-1).

Volkswagen erroneously argues that: (A) VDPP has failed to plead either notice or compliance with the marking statute.[1] Volkswagen also argues for dismissal for improper venue, while admitting that venue is, in fact, proper.[2] Defendant's Motion should be denied.

## II.    APPLICABLE LAW

### A.     Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint only if the complaint "fail[s] to state a claim upon which relief can be granted." The question to be resolved on a motion to dismiss for a failure to state a claim is not whether the plaintiff will

---

[1] ECF 13. at 1, 3, 5-6.
[2] *Id.* at 1, 10-11.

1

ultimately prevail, "but whether [the] complaint was sufficient to cross the federal courts threshold." *Skinner v Switzer*, 562 U.S. 521, 530, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

When considering a motion to dismiss under Rule 12(b)(6), a court "accepts all well-pleaded facts as true, views them in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor." *Johnson v. BOKF Nat'l Ass'n*, 15 F.4th 356, 361 (5th Cir. 2021).

At the pleading stage, a plaintiff is not required to provide evidence beyond "stat[ing] a claim to relief that is plausible on its face." *Panasonic Corp. v. Magna Intl., Inc.*, 6:21-ev-00319-ADA, 2022 U.S. Dist. LEXIS 10040 at *5-6 (W.D. Tex. Feb 20, 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Courts will not dismiss a claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that it could prove consistent with the allegations in the complaint." *Id*. at *4 (quoting *Slyce Acquisition, Inc. v. Syte - Visual Conception*, 535 Ltd., 422 F. Supp. 3d 1191, 1198 (W.D. Tex. 2019)).

Based upon the assumption that all of the allegations in the complaint are true, the factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When the non-moving party pleads factual content that allows the court to reasonably infer that the moving party is liable for the alleged misconduct, then the claim is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. at 678.

To state a claim for patent infringement under 35 U.S.C. § 271, a plaintiff need only give the defendant "fair notice of the infringement claim and "the grounds upon which it rests." *Disc

2

*Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). "Fair notice," in turn, requires the plaintiff to plausibly allege that the accused products meet "each and every element of at least one claim" of the asserted patent. *Disc Disease*, 888 F.3d at 1260, *Qwikeash, LLC v. Blackhawk Network Holdings, Inc.*, No. 4:19-CV-876-SDJ, 2020 U.S. Dist. LEXIS, at *7 (E.D. Tex. Nov. 17, 2020) (See, also, *Hunton Energy Holdings, LLC v. HL Seawater Holdings, LLC*, 539 F. Supp. 3d 685, 694 (S.D. Tex. 2021) (defendant has fair notice of a direct infringement claim if the complaint specifically identifies the allegedly infringing product and the patent the product infringes.) However, "an element-by-element pleading of fact for each asserted patent claim is not required."[3] Rather, all that is required is that a plaintiff "plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim or claims."[4]

### B.    Marking Statute

35 U.S.C. §287 (a) provides in pertinent part:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented ... by fixing thereon the word "patent" .... In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

The notice provisions of § 287 do not apply to patents directed to processes or methods. See *Wine Ry. Appliance Co. v. Enterprise Ry. Equip. Co.*, 297 U.S. 387, 395, 56 S.Ct. 528, 80

---

[3] *Bowmar Archery LLC v. VIP Veteran Innovative Prods. LLC*, 2023 U.S. Dist. LEXIS 91, at *4 (W.D. Tex. Jan. 3, 2023).
[4] *Id.*

3

L.Ed. 736 (1936). Nor do they apply when a patentee never makes or sells a patented article. *Id*. at 398, 56 S.Ct. 528. Thus, a patentee who never makes or sells a patented article may recover damages even absent notice to an alleged infringer. *Arctic Cat Inc. v. Bombardier Recreational Products Inc*., 950 F.3d 860 at 864 (Fed. Cir. 2020).

      C.     **Indirect and Willful Infringement**

Indirect infringement occurs when an infringer does not itself practice each and every element of a claim but rather actively induces or contributes to the infringement of a third party. See 35 U.S.C. § 271(b)-(c). Induced infringement requires: (1) knowledge of the infringed patent; and (2) intentionally aiding and abetting a third party to infringe. 35 U.S.C. § 271(b); *Warsaw Orthopedic, Inc. v. NuVasive, Inc*., 824 F.3d 1344 (Fed. Cir. 2016). Contributory infringement requires: (1) knowledge of the infringed patent; (2) providing to a third party a material component of an infringing article; and (3) that the component is especially made or adapted for use in such infringing article. 35 U.S.C. § 271(c); *Nalco Co. v. Chem-Mod, LLC* , 883 F.3d 1337, 1356 (Fed. Cir. 2018).

To allege willful infringement, the plaintiff must plausibly allege the "subjective willfulness of a patent infringer, intentional or knowing." *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 579 U.S. 93, 136 S.Ct. 1923, 1933, 195 L.Ed.2d 278 (2016). This requires a plaintiff to allege facts plausibly showing that the accused infringer: "(1) knew of the patent-insuit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc*., No. 6:19-CV-00207-ADA, 2019 U.S. Dist. LEXIS 144094; 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019).

    **III.**     **ARGUMENT**

### A. Plaintiff Is A Non-Practicing Entity, Has No Product To Mark, And May Still Recover Damages

By the terms of 35 U.S.C. §287, Plaintiff is not required to mark a product to collect damages because as a non-practicing entity, plaintiff as no product to mark. The statute is clear. Pursuant to 35 U.S.C. § 287(a), a patentee who makes or sells a patented article must mark his articles or notify infringers of his patent in order to recover damages. See *Dunlap v. Schofield*, 152 U.S. 244, 248, 14 S.Ct. 576, 38 L.Ed. 426 (1894). Section 287(a) provides:

Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent .... In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice.[5]

Damages are not limited unless there are tangible articles of the plaintiff that can be marked.5  Plaintiff does not make or sell a patented article and therefore need not comply with Section 287. Further, Defendant admits Plaintiff has never sold a product.6  Defendant's argument is novel however it has produced no evidence of a patent license for the sale of a product or that any potential

The notice provisions of § 287 do not apply to patents directed to processes or methods. See *Wine Ry. Appliance Co. v. Enterprise Ry. Equip. Co.*, 297 U.S. 387, 395, 56 S.Ct. 528, 80 L.Ed. 736 (1936). Nor do they apply when a patentee never makes or sells a patented article. *Id*.

---

[5] *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1365–66 (Fed. Cir. 2017).

at 398, 56 S.Ct. 528. Thus, a patentee who never makes or sells a patented article may recover damages even absent notice to an alleged infringer. *Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, 950 F.3d 860 at 864 (Fed. Cir. 2020).

### B.      Venue Is Proper

Defendant argues that the case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3). There may have been a typographical error in the original complaint, but Defendant admits that venue is indeed proper in this Court.[6]

## IV.      LEAVE TO AMEND

Plaintiff respectfully requests leave to amend if the Court is inclined to grant Defendant's Motion to Dismiss. Plaintiff believes that it has addressed each of Defendant's points but requests leave to amend by filing an amended complaint substantially in the form attached hereto if the Court disagrees.

Specifically, Plaintiff eliminated allegations of willful and indirect infringement. In addition, Plaintiff amended its allegations to reflect Defendant's state of incorporation and its regular and established place of business, both of which were contained in Defendant's Motion. Finally, Plaintiff added

## V.      CONCLUSION

Plaintiff respectfully requests that Defendant's Motion is denied.

Respectfully submitted,

---

[6] Motion, ECF 13, at p. 11, fn. 4: "Volkswagen notes that it has an established place of business in Houston, Texas."

**Ramey LLP**

/s/ William P. Ramey, III
William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

**Attorneys for VDPP, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 17, 2023, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ William P. Ramey, III

William P. Ramey, III