IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **VDPP, LLC,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**VOLKSWAGEN GROUP OF AMERICA, INC.,**<br><br>    **Defendant.** | Case No. 4:23-cv-2961<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.'S
### REPLY IN SUPPORT OF MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)

VDPP's opposition (Dkt. 22) confirms that this case should be dismissed with prejudice. Even if, as VDPP contends, *it* had no products to mark with the '452 patent number pursuant to 35 U.S.C. § 287(a), it is undisputed that *VDPP's licensees* had licensed products to mark. Federal Circuit precedent thus disposes of this case: "A patentee's licensees must also comply with § 287." *Arctic Cat Inc. v. Bombardier Recreational Prods., Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020) ("*Arctic Cat II*"). This noncompliance with § 287(a), coupled with the '452 patent's expiration before this suit was filed, forecloses all possible relief VDPP could seek.

Dismissal with prejudice is appropriate. Volkswagen raised this threshold problem to VDPP before filing this motion. Dkt. 13, Ex. A. VDPP's nonsensical response failed to address marking at all. *Id*., Ex. B. Now, VDPP's opposition brief and proposed amended complaint remove any doubt that VDPP is unable to allege compliance with § 287(a).

**I.    VDPP's Failure to Comply with 35 U.S.C. § 287(a) is Case-Dispositive**

Volkswagen demonstrated—and VDPP does not dispute—that VDPP's prior settlements involving the '452 patent covered at least Facebook's Portal device, Acer's Liquid Smartphones

and Iconia One tablets, and TTE's Alcatel mobile phones and tablets. Dkt. 13 at 7. Federal Circuit precedent requires that these and all other licensed products be marked with the '452 patent number. *Arctic Cat II*, 950 F.3d at 864 (requiring marking for licensees' covered products). VDPP bears the burden of pleading and proving compliance with § 287, including taking reasonable steps to enforce such marking by its licensees. *See Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366-68 (Fed. Cir. 2017) ("*Arctic Cat I*"); *see also Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111-12 (Fed. Cir. 1996) (patentee must make "reasonable efforts to ensure compliance with the marking requirements" by its licensees). VDPP responds in three ways.

First, VDPP offers an incomplete thought: "Defendant's argument is novel however it has produced no evidence of a patent license for the sale of a product or that any potential[.] [*sic*]" Dkt. 22 at 5. VDPP is incorrect. It is not novel that marking is required for licensees. *Arctic Cat II*, 950 F.3d at 864. Volkswagen also has provided evidence—undisputed evidence—that at least Facebook's Portal device, Acer's Liquid Smartphones and Iconia One tablets, and TTE's Alcatel mobile phones and tablets are licensed products under the '452 patent and were subject to the marking requirement. Dkt. 13 at 7. This is enough to require VDPP to allege compliance with § 287 or show "the products identified do not practice the patented invention." *Arctic Cat I*, 876 F.3d at 1368.

Here, the court filings Volkswagen cited—uncontested by VDPP—merit judicial notice on a motion to dismiss. *Sanders v. University of Tex. Pan Am.*, No. 7:17-CV-00446, 2018 WL 11469733, at *2 & n.22 (S.D. Tex. Jan. 3, 2018), *aff'd* 776 F. App'x 835 (5th Cir. 2019); *Scrushy v. Tucker*, No. H-21-2309, 2021 WL 3667329, at *1-2 & n.1 (S.D. Tex. Aug. 18, 2021) (explaining how "the court can [] take judicial notice of pleadings filed in state or federal courts" and taking notice of "facts presented in . . . public records" (quoting cases)). These filings make clear that

VDPP asserted the '452 patent against specific products and then entered settlements covering those products. For example:

> 6. **Plaintiff and Defendant have agreed to a confidential settlement of all issues in this case.** The parties are working to prepare and execute a formal settlement agreement, which will be followed by a request for dismissal of this case.

*VDPP LLC v. TTE Tech., Inc.*, No. 5:19-cv-02019, Dkts. 1, 25 (C.D. Cal.) (Ex. C, D); *see also VDPP LLC v. Acer Am. Corp.*, 3:19-cv-4571, Dkts. 1, 38 (N.D. Cal.) (same) (Ex. E, F); *VDPP LLC v. Facebook Techs., LLC*, No. 3:19-cv-4597, Dkts. 1, 71 (N.D. Cal.) (same) (Ex. G, H); Dkt. 13 at 7 (citing the foregoing documents). VDPP's own court filings thus confirm that specific products practice the '452 patent and are subject to settlement agreements covering that patent.

Regardless of whether these settlement agreements involved express licenses, covenants not-to-sue, or other forms of settlement, the result is the same: VDPP granted patent rights to products for which it fails to allege compliance with § 287(a). *See U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. C 10–3724 CW, 2013 WL 4456161, at *8 (C.D. Cal. Aug. 16, 2013) ("[C]ourts have previously found that § 287's marking requirement applies to a patentee's authorization of other persons to make and sell patented items in whatever form the authorization was given, regardless of whether the authorizations are *settlement agreements*, *covenants not to sue* or *licenses*.") (internal quotes omitted, emphases added)); *Laitram Corp. v. NEC Corp.*, No. 89-1571, 1996 WL 365663, *2 (E.D. La. 1996) ("[T]he damage limitations of Section 287 apply to licensees and other authorized parties regardless of the particular form of the authorization and regardless of whether the authorization is a '*settlement agreement*,' '*covenant not to sue*,' or '*license*.'") (emphases added). Section 287 bars relief no matter the form of VDPP's prior settlements.

Second, VDPP cites *Arctic Cat II* but does not follow it. According to VDPP, "a patentee who never makes or sells a patented article may recover damages even absent notice to an alleged infringer." Dkt. 22 at 6. That is not true where, as here, the patentee has licensed its patent and its licensees sell licensed products. *Arctic Cat II*, 950 F.3d at 864. As the Federal Circuit expressly explained, "it is does not excuse [patentee']s lack of marking that it is [patentee]'s licensee, rather than [patentee] itself, who sold unmarked products." *Id*. This clear precedent forecloses VDPP's argument. VDPP nowhere acknowledges the impact of § 287(a) for its licensees' sales of products subject to its settlement agreements. This omission is fatal.

Third, VDPP asserts that marking is not required for "method" claims. Dkt. 22 at 5-6. This is irrelevant. As Volkswagen explained (Dkt. 13 at 7-8), the '452 patent does not contain method claims. Claim 1 is a "system" claim and claims 2-4 are "apparatus" claims. Dkt. 1, Ex. A. Only claim 2 is asserted by VDPP. *Id*., Ex. B. The marking requirement is unavoidable.

Volkswagen's motion further explained that any attempted amendment to VDPP's complaint would be futile, making dismissal with prejudice appropriate here. Dkt. 13 at 6-9. VDPP's proposed amended complaint (Dkt. 22-11) confirms this. Nowhere does the proposed pleading cite 35 U.S.C. § 287. It likewise fails to mention VDPP's licensees, much less allege whether they complied § 287(a) or whether VDPP enforced any such compliance. Instead, the proposed pleading repeats the refrain that "Plaintiff is a non-practicing entity, with no products to mark." Dkt. 22-1 § 1. As explained above, this is legally irrelevant. VDPP's *licensees* must have marked, and VDPP must have made *reasonable efforts to enforce* such marking. *Arctic Cat II*, 950 F.3d at 864; *Maxwell*, 86 F.3d at 1111-12. VDPP's proposed pleading alleges neither.

Beyond this, VDPP just opaquely states that it "has pled all statutory requirements to obtain pre-suit damages" and "all conditions precedent to recovery are met." Dkt. 22-1 § 1. Not only

4

do these vacuous allegations fail to allege that VDPP required its licensees to comply with § 287(a), that its licensees did so, or that VDPP enforced such an obligation, but they are precisely the type of hollow legal conclusions courts reject. *See, e.g., BelAir Elecs., Inc. v. Twelve South, LLC*, No., No. 2:22-cv-04443, 2023 WL 6388810, at *7 (D.S.C. Sept. 29, 2023) ("[T]he Court finds that [patentee's] assertion of compliance 'to the extent required by law' is a conclusory (and unclear) statement and, thus, is insufficient in and of itself to state a claim for past damages."); *Blackbird Tech LLC v. Argento SC By Sicura, Inc.*, No. 21cv11018, 2022 WL 3701084, at *2 (S.D.N.Y. Aug. 26, 2022) (allegation "that '[a]ll marking requirements under 35 U.S.C. § 287 have been complied with'" warranting dismissal); *see also Fawaz v. Byers*, No. H-13-0897, 2014 WL 1671746, at *2, *4 (S.D. Tex. Apr. 28, 2014) (rejecting allegations that were "nothing more than a 'legal conclusion couched as a factual allegation.'") (quoted source omitted).

On this record, VDPP itself has made clear that amending its complaint would be futile, and thus dismissal with prejudice is appropriate. *See* Dkt. 13 at 6, 8 (citing *Douglas v. DePhillips*, 740 F. App'x 403, 406 (5th Cir. 2018); *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003); *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254-55 (5th Cir. 2003); *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 565 (5th Cir. 2003); *ALD Social LLC v. Verizon Commc'ns, Inc.*, 22-cv-1011, 2023 U.S. Dist. LEXIS 177083, at *20-22 (W.D. Tex. Sept. 30, 2023); *Plotagraph, Inc. v. Lightricks, Ltd.*, 620 F. Supp. 3d 591, 602 (S.D. Tex. 2022); *Cardona v. Mayorkas*, 1:20-cv-132, 2021 WL 8944606, at *1 (S.D. Tex. Oct. 28, 2021)). The court's analysis in *Blackbird Tech* is particularly apt—after the plaintiff "already had an opportunity to amend its complaint" to address marking, it submitted an amended complaint that included "only a conclusory assertion of compliance." 2022 WL 3701084, at *3. Since the plaintiff, like VDPP here, failed to meet its pleading burden under § 287(a), dismissal with prejudice was appropriate. *Id*. Indeed, dismissal

5

with prejudice is even more appropriate here, as Volkswagen raised the marking issue to VDPP via letter before filing this motion (Dkt. 13, Ex. A), and VDPP ignored the issue (Dkt. 13, Ex. B).

## II.     VDPP Drops its Claims of Indirect and Willful Infringement

In both VDPP's opposition (Dkt. 22 at 6) and its proposed amended complaint (Dkt. 22-1), VDPP abandons its allegations of indirect and willful infringement. Volkswagen's motion to dismiss as to indirect and willful infringement should thus be granted. Dkt. 13 at 9-10.

## III.    Volkswagen Reserves the Right to Address VDPP's Amended Venue Allegations

VDPP's proposed amended complaint changes its allegations of venue. Dkt. 22-1 ¶¶ 2, 5. Volkswagen reserves the right to respond to these allegations if the amended complaint is entered.

Dated: November 21, 2023              Respectfully submitted,

By: /s/ *T. Christopher Trent*
    T. Christopher Trent
    JOHNSON, TRENT & TAYLOR, LLP
    State Bar No. 20209400
    Federal ID No. 14244
    919 Milam, Suite 1500
    Houston, TX 77002
    (713) 222-2323 – Telephone
    ctrent@johnsontrent.com

**ATTORNEY IN-CHARGE FOR DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.**

OF COUNSEL:

Elliot C. Cook *(pro hac forthcoming)*
VA Bar No. 76,621
Joseph M. Schaffner *(pro hac vice forthcoming)*
VA Bar No. 85,631
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
1875 Explorer Street, 8th Floor
Reston, VA 20190-6023
(571) 203-2700 – Telephone
elliot.cook@finnegan.com

joseph.schaffner@finnegan.com

**ATTORNEYS FOR DEFENDANT**
**VOLKSWAGEN GROUP OF AMERICA, INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that on November 21, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system pursuant to the Federal Rules of Civil Procedure. Parties may access this filing through the Court's system.

                                      */s/     T. Christopher Trent*
                                        T. Christopher Trent