IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VDPP, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:23-cv-2961 |
| § | |
| VOLKSWAGEN GROUP OF AMERICA, § | |
| INC., § | |
| § | |
| Defendant. § | |
| § | |

**MEMORANDUM AND OPINION**

VDPP, LLC sued Volkswagen Group of America, Inc. for patent infringement. Volkswagen moved to dismiss, and VDPP responded and moved in the alternative for leave to file an amended complaint. Based on the pleadings, the motion and responses, the record, and the applicable law, the court grants the motion to dismiss, (Docket Entry No. 13), with prejudice, and denies the motion for leave to amend, (Docket Entry No. 22), because amendment would be futile. The reasons for these rulings are set out below.

**I.     Background**

VDPP is the owner by assignment of U.S. Patent No. 9,426,452 ("the '452 Patent"). (Docket Entry No. 1 ¶ 6). The '452 Patent, dated August 23, 2016, and titled "Faster State Transitioning for Continuous Adjustable 3Deeps Filter Spectacles Using Multi-Layered Variable Tint Materials," claims an electrically controlled spectacle frame and optoelectronic lenses housed in eyeglass frames. (Docket Entry Nos. 1 ¶ 7; 1-1 at 2). The invention related to a system called 3Deeps, which allowed users to use the spectacles to see movies with three-dimensional effects. The '452 Patent expired on January 2, 2022. The '452 Patent was the final patent in a series of

continuing applications dating back to U.S. Patent No. 7,030,902, filed on January 22, 2002. (Docket Entry Nos. 1-1 at 2; 13 at 8). *See* 35 U.S.C. § 154(a)(2) (specifying a patent's term as "ending 20 years from the date on which the application for the patent was filed in the United States or, if the application contains a specific reference to an earlier filed application . . . , from the date on which the earliest such application was filed"). (Docket Entry No. 1-1 at 2). Because the '452 Patent was filed as a continuing application, the '452 Patent expired in January 2022 on the date the '902 Patent expired.

VDPP filed this lawsuit on August 11, 2023, and effected service of process on August 25, 2023. (Docket Entry Nos. 1, 8). VDPP alleged that Volkswagen "maintains, operates, and administers systems, products, and services in the field of motion pictures that infringes one or more of [sic] claims of the '452 Patent." (Docket Entry No. 1 ¶ 8). VDPP also claimed indirect and willful infringement because Volkswagen "has and continues to induce infringement" and "contributorily infringe[s]" on the Patent. (Docket Entry No. 1 ¶¶ 10–11). VDPP alleged that Volkswagen has known of the '452 Patent and the underlying technology "from at least the filing date of the lawsuit," but "reserves the right to amend [this date] if discovery reveals an earlier date of knowledge." (Docket Entry No. 1 ¶¶ 10, 11, nn. 1–2).

Volkswagen has moved to dismiss under Rule 12(b)(3) for improper venue and Rule 12(b)(6) for failure to state a claim based on VDPP's failure to comply with the patent marking statute, 35 U.S.C. § 287(a). (Docket Entry No. 13 at 11–17). In its reply, VDPP dropped its allegations of indirect and willful infringement but maintained its other infringement claims. (Docket Entry No. 22 at 8–10).

2

## II.    The Applicable Legal Standards

### A.  Rule 12(b)(3)

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move to dismiss for improper venue. "Once a defendant files a Rule 12(b)(3) motion challenging venue, the burden of sustaining venue lies with the plaintiff." *Fernandez v. Soberon*, No. CIV.A. H-13-0325, 2013 WL 2483345, at *2 (S.D. Tex. June 10, 2013). "In deciding whether the venue is proper, the court may look at evidence in the record beyond those facts alleged in the complaint and its admissible attachments." *AllChem Performance Prod., Inc. v. Aqualine Warehouse, LLC*, 878 F. Supp. 2d 779, 788 (S.D. Tex. 2012). "The court must accept as true all the allegations in the complaint and resolve all factual conflicts in favor of the plaintiff." *Id.*

For most claims brought in federal court, "[t]he general venue statute, 28 U.S.C. § 1391, governs a plaintiff's choice of venue." *Id*. Patent infringement claims are an exception. Venue for patent infringement claims is controlled by 28 U.S.C. § 1400(b). *In re Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017) (("Section 1400(b) is unique to patent law and constitutes the exclusive provision controlling venue in patent infringement proceedings.") (cleaned up) (citing *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 259 (2017))). "Federal Circuit law, rather than regional circuit law, governs [the court's] analysis of what § 1400(b) requires." *Id.*

Under the patent venue statute, "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b)."[A] domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 262 (2017). Under the statute, "a regular and established place of business must be (1) a physical place in the district;

3

(2) regular and established; and (3) the place of the defendant." *Tiare Tech., Inc. v. Dine Brands Global, Inc.*, No. 2:22-CV-00490-JRG-RSP, 2024 WL 607407, at *3 (E.D. Tex. Jan. 4, 2024) (quoting *In re Cray*, 871 F.3d at 1360) (internal quotation marks omitted).

### B. Rule 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir.

2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

### III. Analysis

#### A. Improper Venue under Rule 12(b)(3)

VDPP alleges that Volkswagen is incorporated in Delaware and has a "regular and established place of business located at 1 Lone Star Pass, San Antomio [sic], Texas 78264." (Docket Entry No. 1 ¶ 2). Both statements are incorrect and neither make venue proper in the Southern District of Texas.

Volkswagen is a New Jersey corporation with its principal place of business in Reston, Virginia. It does not have a regular and established business at the location VDPP alleges in San Antonio. (Docket Entry No. 13 at 16–17). VDPP compounds its error by filing this case in the Southern District of Texas; San Antonio is in the Western District. *See* 28 U.S.C. § 124(d)(4) (establishing and defining the San Antonio Division of the Western District of Texas); *Gov. of Canal Zone v. Burjan*, 596 F.2d 690, 693 (5th Cir. 1979) ("In addition, this court has consistently adhered to the rule that venue as a jurisdictional fact is a proper subject for judicial notice.") (collecting cases). Although Volkswagen concedes "that it has an established place of business in

5

Houston, Texas," VDPP did not plead venue based on Volkswagen's business operations in the Southern District. (Docket Entry No. 13 at 17, n. 4).

VDPP acknowledges that there was "a typographical error in the original complaint" but argues that given Volkswagen's admission of having a place of business in Houston, venue is proper. (Docket Entry No. 22 at 10). The court agrees that given Volkswagen's admission, venue could be proper if the defect in pleading was cured by amendment. However, because VDPP has failed to state a claim under Rule 12(b)(6), amendment would be futile on grounds other than improper venue.

### B. Failure to State a Claim under 12(b)(6)

#### 1. Patent Marking under 35 U.S.C. § 287(a)

Volkswagen argues that VDPP has not stated a claim because it failed to provide constructive or actual notice of alleged infringement before the '452 Patent expired and cannot obtain relief for infringement of an expired patent. The court agrees.

The patent marking statute, 35 U.S.C. § 287(a), sets out the requirements for obtaining pre-suit damages in an infringement action. "[A] patent owner is 'entitled to damages from the time when it either began marking its product in compliance with section 287(a)[, *i.e.*, by providing constructive notice,] or when it actually notified the accused infringer of its infringement,' such as by filing suit." *Denneroll Holdings Pty Ltd. v. Chirodesign Grp., LLC*, No. 4:15-CV-740, 2016 WL 705207, at *7 (S.D. Tex. Feb. 23, 2016) (quoting *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993)). "If there is no marking, actual notice of infringement must consist of an 'affirmative communication of a specific charge of infringement by a specific accused product or device . . . It is irrelevant . . . whether the defendant knew of the patent or knew of his own infringement.'" *DynaEnergetics Europe GmbH v. Hunting Titan, Inc.*, 629 F. Supp. 3d 548,

6

591 (S.D. Tex. 2022) (quoting *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994)). Without this affirmative communication, "damages are limited to those incurred after the date the suit was filed." *Id.*; 35 U.S.C. § 287(a) ("Filing of an action for infringement shall constitute such notice."). "A patentee's licensees must also comply with § 287." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020) ("*Arctic Cat II*").

The § 287(a) marking and notice requirements "do not apply where the patent is directed to a process or method." *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993) (collecting cases). "Where the patent contains both apparatus and method claims, however, to the extent that there is a tangible item to mark by which notice of the asserted method claims can be given, a party is obliged to do so if it intends to avail itself of the constructive notice provisions of section 287(a)." *Id.* at 1538–39.

The '452 Patent is subject to the requirements of § 287(a). This patent contains one "system" claim and three "apparatus" claims. (Docket Entry No. 1-1 at 55–56). VDPP alleges infringement related to all four claims but asserts only the second claim (an apparatus claim) in its "Patent Claims Analysis." (Docket Entry Nos. 1 ¶¶ 10–11; 1-2 at 2–7). Whether or not VDPP alleges infringement of all four claims or just of Claim 2, the § 287(a) marking and notice requirements apply to both VDPP and its licensees because the '452 Patent claims an apparatus. *See Am. Med. Sys., Inc.*, 6 F.3d at 1538–39.

When § 287(a) applies, "an alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287." *DynaEnergetics*, 629 F. Supp. 3d at 591 (quoting *Arctic Cat Inc. v. Bombardier Recreational Prods., Inc.* 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("*Arctic Cat I*")). This burden of production, "not one of persuasion or proof," is a "low bar." *Arctic Cat I*,

876 F.3d at 1368. "The alleged infringer need only put the patentee on notice that he or his authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent." *Id.* The patentee then "bears the burden of pleading and proving he complied with § 287(a)'s marking requirement." *DynaEnergetics*, 629 F. Supp. 3d.

As the alleged infringer challenging VDPP's compliance with § 287, Volkswagen has the initial burden to put VDPP on notice of its sale of unmarked products that use the '452 Patent. Volkswagen meets this low bar. Volkswagen identifies several VDPP lawsuits against alleged infringers of the '452 Patent, including Facebook's Portal device, Acer's Liquid Smartphones and Iconia One tablets, and TTE Technology's Alcatel mobile phones and tablets. (Docket Entry No. 13 at 13); *see Arctic Cat I*, 876 F.3d at 1368 (finding that the alleged infringer met its burden when it produced a licensing agreement that identified unmarked products that it alleged should have been marked).

By contrast, VDPP fails to plead compliance with the § 287(a) marking requirement. (Docket Entry No. 1). VDPP argues—and seeks to amend its complaint to add allegations—that it is "a non-practicing entity, with no products to mark." (Docket Entry No. 22-1 at 2). But even if VDPP "never makes or sells a patented article" subject to the marking requirement, the court "may consider whether [VDPP] made reasonable efforts to ensure [its licensees'] compliance with the marking statute" unless the licensing agreement "expressly states that [licensee] had no obligation to mark." *Arctic Cat II*, 950 F.3d at 864. VDPP's assertion that it never made or sold a patented product is therefore irrelevant, and VDPP offers no showing that the settlement agreements contain any such express statement. VDPP settled cases against Facebook, Acer, and TTE Technology, which continue to sell the technology, subject to undisclosed agreement with VDPP. "[C]ourts have previously found that § 287's marking requirement applies to a patentee's

authorization of other persons to make and sell patented items in whatever form the authorization was given, regardless of whether the authorizations are settlement agreements, covenants not to sue or licenses." *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 10-CV-724, 2013 WL 4456161, at *8 (C.D. Cal. Aug. 16, 2013). VDPP must make at least a preliminary showing that these entities marked the patent, but VDPP instead argues incorrectly that it has no such obligation.

In order to obtain pre-suit damages without marking, VDPP must show that it made an affirmative communication to Volkswagen of specific instances of alleged infringement. *See DynaEnergetics*, 629 F. Supp. 3d at 591 (quoting *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994)). The only communication VDPP pleads is the filing of this lawsuit. (Docket Entry No. 1 ¶¶ 10, 11, nn. 1–2). VDPP cannot recover damages against Volkswagen for alleged infringement before the date VDPP filed this lawsuit. *See DynaEnergetics*, 629 F. Supp. 3d at 591–92 (S.D. Tex. 2022) ("Absent such a communication, damages are limited to those incurred after the date the suit was filed" (citing 35 U.S.C. § 287(a))).

Nor can VDPP recover damages incurred after it filed this lawsuit. A patentee cannot recover damages—equitable or monetary—on an expired patent. *See Lans v. Dig. Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) (finding that the district court correctly granted the alleged infringer's motion to dismiss because the patentee "did not inform the [alleged infringer] of infringement before the expiration of [the patent at issue], § 287(a) prevents [the patentee] from collecting damages from the [alleged infringer]," and "the district court cannot enjoin the [alleged infringer] from infringing an expired patent."). The '452 Patent had expired 18 months before VDPP filed this lawsuit. *See* 35 U.S.C. § 154(a)(2); (Docket Entry Nos. 1-1 at 2; 13 at 2). VDPP does not dispute this.

VDPP has not shown that its licensees marked products covered by the '452 Patent. Nor

has VDPP shown that it gave Volkswagen actual notice of its alleged infringement before the '452 Patent expired. VDPP lacks a basis for its patent infringement claims. *See e-Watch Inc. v. Avigilon Corp.*, No. H–13–0347, 2013 WL 5231521, at *3 (S.D. Tex. Sept. 16, 2013) ("The Federal Circuit . . . specifically allows addressing the § 287(a) issue through a motion to dismiss.") (dismissing a claim for pre-suit damages under Rule 12(b)(6)); *Lans*, 252 F.3d at 1328 (affirming a Rule 12(b)(6) dismissal on the same grounds under § 287(a)). The court grants Volkswagen's motion to dismiss based on VDPP's failure to comply with § 287(a).

### 2. Indirect and Willful Infringement

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). Under § 271(c), "[c]ontributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (quoting 35 U.S.C. § 271(c)). "To state a claim for contributory infringement, therefore, a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Id.* To assert a claim of willful infringement, the patent holder must allege facts that allow an inference "(1) that the accused infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent; and (2) that this objectively defined risk was either known or so obvious that the accused infringer should have known about it." *e-Watch Inc.*, 2013 WL 5231521, at *2 (quoting *K-TEC, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364, 1378 (Fed. Cir. 2012)) (internal quotation marks omitted).

VDPP alleges that Volkswagen indirectly infringes the '452 Patent by inducing its customers or customers of related companies to infringe or by contributing to their infringement. (Docket Entry No. 1 at ¶¶ 10–11). VDPP alleges that Volkswagen "actively encouraged or instructed others . . . on how to use its products and services" that VDPP asserts are related to the '452 Patent. (*Id.*). These conclusory statements are insufficient to provide Volkswagen fair notice of the indirect and willful infringement claims. And, as Volkswagen notes, VDPP abandoned its allegations of indirect and willful infringement in its response to Volkswagen's motion to dismiss and in VDPP's proposed amended complaint. (Docket Entry No. 23 at 6); *see* (Docket Entry Nos. 22 at 6; 22-1). Although VDPP sets out a brief statement of law on indirect and willful infringement in its response, VDPP's proposed amended complaint "eliminate[s] allegations of willful and indirect infringement." (Docket Entry No. 22 at 8, 10). Because VDPP fails to allege a basis for its indirect and willful infringement claims and appears to forego the claims in response to Volkswagen's motion, the court dismisses VDPP's claims of indirect and willful infringement.

### C. Motion for Leave to Amend

In VDPP's response to the motion to dismiss, it asks in the alternative for leave to amend. (Docket Entry No. 22 at 10). Although leave of court to amend pleadings "shall be freely given when justice requires," Fed. R. Civ. P. 15(a), the decision to grant or deny leave "is entrusted to the sound discretion of the district court," *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012) (internal quotation marks omitted). When reviewing a motion to amend pleadings under Rule 15(a), a district court "should consider factors such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party, and futility of amendment.'" *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 466–67 (5th Cir. 2012) (quoting *In re*

11

*Southmark Corp.*, 88 F.3d 311, 315 (5th Cir. 1996)) (internal quotation marks omitted).  A proposed amendment is futile if "the amended complaint would fail to state a claim upon which relief can be granted."  *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

VDPP's proposed amended complaint does cure the deficiencies and state a claim for relief, because VDPP has not alleged facts showing patent marking before the patent expired.  The court denies VDPP's motion for leave to amend.

## IV. Conclusion

Based on the above, Volkswagen's motion to dismiss, (Docket Entry No. 13), is granted, with prejudice.  VDPP's motion for leave to amend, (Docket Entry No. 22), is denied because amendment would be futile. Final judgment is separately entered.

SIGNED on March 27, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge