**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **VDPP, LLC,**<br>        **Plaintiff,**<br><br>**v.**<br><br><br>**VOLKSWAGEN GROUP OF<br> AMERICA, INC**<br>        **Defendant** | **Case No. 4:23-cv-02961**<br><br><br>**Jury Trial Demanded** |

**PLAINTIFF VDPP, LLC'S MOTION TO AMEND THE JUDGMENT AND FOR
RECONSIDERATION UNDER RULE 59(E)**

i

**TABLE OF CONTENTS**

I.     INTRODUCTION...............................................................................................................1

II.    LEGAL STANDARD .......................................................................................................2

III.   RELEVANT BACKGROUND FACTS ............................................................................2

IV.    ARGUMENT.....................................................................................................................3

    A.  VDPP's Proposed Amended Complaint Alleges Compliance with §287(a) .................3

    B.  VDPP's Compliance with §287(a) is a Fact Question.......................................................4

    C.  There is no Evidence to Support the Court's Conclusion that the Three Identified Settlement Licenses were to Produce a Patented Article ...............................................5

    D.  The Policy Reasons for Requiring Marking under §287(a) are Balanced with Encouraging Settlement Without Admitting Infringement and the Damage Provision of §286 ........................................................................................................................7

    E.  Alternatively, VDPP Drops its Claims for U.S. Pat. No. 9,426452 and Asserts only the Method Claims of U.S. Pat. No. 10,021,380 .......................................................9

V.     CONCLUSION ...............................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593 (5th Cir. 2017)........................2

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523 (Fed. Cir. 1993)...................9

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.,* 876 F.3d 1350 (Fed. Cir. 2017) .....................................................................................................5

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 950 F.3d 860 (Fed. Cir. 2020) ...................................................................................................1, 8

*Condominium Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053 (5th Cir. 2008) ..........................................................................................................2

*DivX, LLC v. Hulu, LLC*, 2021 WL 4459368 (C.D. Cal. June 11, 2021)..............1, 3

*DP Wagner Mfg. Inc. v. Pro Patch Sys., Inc.*, 434 F. Supp. 2d 445 (S.D. Tex. 2006) ..........................................................................................................6

*Edward H. Bohlin Co. v. The Banning Co.*, 6 F.3d 350 (5th Cir. 1993) ...................2

*Eidos Display, LLC v. Chi Mei Innolux Corp.*, No. 6:11-CV-00201-JRG, 2017 WL 1322550 (E.D. Tex. Apr. 6, 2017)................................................................8

Express Mobile, Inc. v. DreamHost LLC, 2019 WL 2514418 (D. Del. June 18, 2019) .......................................................................................................1, 3

*Fenner Invs ., Ltd. v. Hewlett–Packard Co.,* No. 6:08–CV–273, 2010 WL 1727916 (E.D.Tex. Apr. 28, 2010).......................................................................8

*Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167 (5th Cir. 1990) ..........................................................................................................2

*Maxwell v. J. Baker, Inc.*, 86 F.3d 1098 (Fed. Cir. 1996) ...................................1, 4

*Ow v. Metro. Life Ins. Co.*, 224 F.3d 601 (7th Cir. 2000) ........................................2

*REALTIME DATA, LLC, Plaintiff, v. ACTIAN CORPORATION ET AL., Defendants. Additional Party Names: Blue Coat Sys., Inc., F5 Networks, Inc., Riverbed Tech., Inc.*, No. 6:15-CV-463 RWS-JDL, 2017 WL 11662033 (E.D. Tex. Apr. 4, 2017)........................................................ 1, 5, 6

*ResQNet,* 594 F.3d at 872 ........................................................................................8

*Rude v. Westcott*, 130 U.S. 152, 9 S.Ct. 463 [468]......................................................8

Sentry Prot. Prod., Inc. v. Eagle Mfg. Co., 400 F.3d 910 (Fed. Cir. 2005)...............3

*Solas Oled Ltd. v. Samsung Elecs. Co.*, No. 2:21-CV-105-JRG-RSP, 2022 WL
    1912873 (E.D. Tex. May 30, 2022).......................................................................6

*St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336 (5th Cir. 1997).....2

*Waltman v. Int'l Paper Co.*, 875 F.2d 468 (5th Cir. 1989) .......................................2

**Constitutional Provisions & Statutes**

35 U.S.C. § 286...........................................................................................................9

35 U.S.C. § 287...........................................................................................................7

Plaintiff VDPP, LLC ("VDPP") files this motion to amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure showing the Court that the Order granting Defendant's Motion to Dismiss ("Court's Order")[1] contains manifest errors of law and results in manifest injustice at the pleading stage of the case.

## I.    INTRODUCTION

The Court committed a manifest error in law when it dismissed, without leave to amend, VDPP's complaint against Defendant Volkswagen Group of America, Inc. ("Volkswagen") because leave to amend would not have been futile.  By amendment, VDPP would have:

1) amended the complaint and alleged that all conditions precedent for collecting pre-suit damages had been met;[2]

2) alleged that once VDPP plead compliance with §287, actual compliance is a fact question and not therefore proper for dismissal at the pleading stage;[3]

3) alleged that there is no evidence that any of the three-litigations identified by Volkswagen were a license by VDPP to manufacture a patented article for or under VDPP's patents to support dismissal at the pleading stage as these are settlement licenses;[4]

4) alleged that the policy reasons for requiring patent marking are met when balanced with the need for parties to be able to settle cases without admitting infringement;[5] and,

---

[1] Doc. Nos. 33 and 34.

[2] *Express Mobile, Inc. v. DreamHost LLC*, 2019 WL 2514418 at *4 (D. Del. June 18, 2019); *DivX, LLC v. Hulu, LLC*, 2021 WL 4459368 at *5 (C.D. Cal. June 11, 2021).

[3] *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996).

[4] *REALTIME DATA, LLC, Plaintiff, v. ACTIAN CORPORATION ET AL., Defendants. Additional Party Names: Blue Coat Sys., Inc., F5 Networks, Inc., Riverbed Tech., Inc.*, No. 6:15-CV-463 RWS-JDL, 2017 WL 11662033, at *3 (E.D. Tex. Apr. 4, 2017).

[5] *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 950 F.3d 860, 865 (Fed. Cir. 2020).

5)  alternatively, if the Court does not find substantial compliance with §287, VDPP would have dropped its claims for U.S. Pat. No. 9,426452 and instead asserted only the method claims of U.S. Pat. No. 10,021,380.[6]

## II.   LEGAL STANDARD

A Federal Rule of Civil Procedure 59(e) motion "calls into question the correctness of a judgment."[7] Such a motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence"[8] or "where there has been an intervening change in the controlling law."[9] It is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.[10] Such a motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[11]  Manifest error is not shown by the disappointment of the losing party; rather, the movant must point to obvious error—such as wholesale disregard, misapplication, or failure to recognize controlling precedent.[12] Manifest error might also be shown in the court's failure to apprehend the issue presented. The district court has considerable discretion in deciding whether to grant a Rule 59(e) motion.[13] This discretion should be guided by the need to "strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts."[14]

## III.   RELEVANT BACKGROUND FACTS

---

[6] *Am*. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993) (patent marking does not apply to method claims).*
[7] In re: Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).*
[8] Marseilles Homeowners *Condominium Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008).
[9] *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017).
[10] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473-474 (5th Cir. 1989).
[11] *Waltman, 875 F.2d at 473.*
[12] *Ow v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).
[13] *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990); *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) .
[14] *Edward H. Bohlin Co. v. The Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993) (citing Lavespere, 910 F.2d at 174).

2

VDPP filed its Complaint in this case on August 11, 2023.[15] VDPP alleges that Volkswagen infringes the claims of U.S. Patent No. 9,46,452 (the "'452 patent"). The '452 patent, entitled "Faster State Transitioning for Continuous Adjustable 3Deeps Filter Spectacles Using Multi-Layered Variable Tint Materials" was duly and legally issued by the U.S. Patent and Trademark Office on August 23, 2016.[16] 7. The '452 patent relates to an electrically controlled spectacle frame and optoelectronmic lenses housed in the frame.

Volkswagen filed a motion to dismiss alleging that VDPP failed to comply with the marking statute, §287(a).[17] VDPP responded in opposition, specifically requesting leave to amend on November 18, 2023[18] and attaching a proposed amended complaint.[19] The Court dismissed, with prejudice, VDPP's complaint on March 27, 2024.[20]

## IV.    ARGUMENT

Dismissal of VDPP's complaint with prejudice and without leave to amend is a manifest error in law as compliance with §287 is a fact question after properly pleaded and no evidence is present at the pleading stage, thus resulting in manifest injustice as the facts will show substantial compliance.

### A.  VDPP's Proposed Amended Complaint Alleges Compliance with §287(a)

VDPP is at the pleading stage of this case.  At the pleading stage, VDPP only need allege that it has complied with the marking requirement.[21]  The Court's finding that allowing such

---

[15] Doc. No. 1.
[16] Doc. No. 1-1.
[17] Doc. No. 13 (VDPP is only asking the Court to modify its judgment based on §287(a)).
[18] Doc. No. 22.
[19] Doc. No. 22-1.
[20] Doc. No. 33.
[21] *Sentry Prot. Prod., Inc. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005); *Express Mobile, Inc. v. DreamHost LLC*, 2019 WL 2514418 at *2 (D. Del. June 18, 2019); *DivX, LLC v. Hulu, LLC*, 2021 WL 4459368 at *5 (C.D. Cal. June 11, 2021).

3

amendment would be futile does not allow VDPP to present evidence during discovery of its substantial compliance with the marking statute in the three litigations identified by Volkswagen. Here, VDPP's proposed amended complaint specifically alleges:

### I.    CONDITIONS PRECEDENT

Plaintiff is a non-practicing entity, with no products to mark. Plaintiff has pled all statutory requirements to obtain pre-suit damages. Further, all conditions precedent to recovery are met." [22]

In discovery, VDPP would have presented evidence of substantial compliance with §287(a) by showing at least that it was not required to mark due to the facts of the three litigations identified by Volkswagen. However, the dismissal prevents VDPP from producing its facts and argument that it has complied.

### B. VDPP's Compliance with §287(a) is a Fact Question

The Court's dismissal with prejudice of Plaintiff's complaint at the pleading stage without allowing leave to amend requires Plaintiff to marshal its evidence in its pleadings. However, compliance with §287 is a fact question and not proper, if plead, for dismissal.[23] If allowed to amend, VDPP will properly plead compliance as it has informed the Court with the draft amended pleading. When the failure to mark is caused by someone other than the patentee, the court may consider whether the patentee made reasonable efforts to ensure compliance with the marking requirements. The rule of reason is consistent with the purpose of the constructive notice provision—to encourage patentees to mark their products in order to provide notice to the public of the existence of the patent and to prevent innocent infringement.[24] Here, VDPP will present

---

[22] Doc. No. 22-1 at 2/69.
[23] *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996).
[24] *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111–12 (Fed. Cir. 1996).

4

evidence that establishes, under the facts of this case, that it did comply with the express language of §287.  VDPP should be allowed to present that evidence.

VDPP's evidence will show that under the rule of reason analysis, the facts surrounding the three litigations identified by Volkswagen establish that VDPP used reasonable efforts to ensure substantial compliance with §287.[25]  Dismissal with prejudice at the pleading stage is improper as no evidence has been taken.

**C. There is no Evidence to Support the Court's Conclusion that the Three Identified Settlement Licenses were to Produce a Patented Article**

Volkswagen points to three cases that did in fact result in settlement licenses to support that this case should be dismissed.  However, the licenses are not in evidence.  There is no way for the Court to determine compliance with §287, if required.  Moreover, there is no evidence that *a patented article* was produced under any of the settlement licenses,  *VDPP LLC v. Facebook Techs., LLC*, No. 3:19-cv-4597 (N.D. Cal.); *VDPP LLC v. Acer Am. Corp.*, 3:19-cv-4571 (N.D. Cal.); *VDPP LLC v. TTE Tech., Inc.*, No. 5:19-cv-02019 (C.D. Cal.).  There simply is no evidence that any of the three litigations identified by Volkswagen were a license by VDPP to manufacture a patented article for or under VDPP's patents to support dismissal at the pleading stage.[26]  Perhaps most importantly, Volkswagen fails to identify any *patented article*.

At least one other district court has recognized that consistent with the usual burden of proof for affirmative defenses, [] it is the defendant's responsibility to affirmatively identify and prove that a product is a patented article, particularly when the product is manufactured by a third

---

[25] *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.,* 876 F.3d 1350, 1366 (Fed. Cir. 2017).

[26] *REALTIME DATA, LLC, Plaintiff, v. ACTIAN CORPORATION ET AL., Defendants. Additional Party Names: Blue Coat Sys., Inc., F5 Networks, Inc., Riverbed Tech., Inc.*, No. 6:15-CV-463 RWS-JDL, 2017 WL 11662033, at *3 (E.D. Tex. Apr. 4, 2017).

party under a settlement license agreement rather than a product manufactured by the plaintiff. Otherwise, a defendant's general allegations could easily instigate a fishing expedition for the patentee in order to stave off pursuit of damages for infringement."[27]  Here, Volkswagen make no effort to identify a patented article allegedly manufactured for or under any of the prior litigations. In short, Volkswagen failed to put VDPP on notice that the three settlement licenses sold specific unmarked products which the alleged infringer believes practice the patent, as no product was identified.[28]  Therefore, as this is the pleading stage, VDPP should be allowed to amend its complaint and address Volkswagen's deficient motion.

Volkswagen's motion asks the Court to make the evidentiary leap that the defendants in each of the three litigations agreed that they were producing a patented article for or under VDPP's patents.  Such a leap at the pleading stage would require VDPP to marshal its evidence and is improper.  VDPP anticipates the evidence will show that each of the three defendants in the three settlement licenses denied that they infringed VDPP's patent and would not have agreed to mark any product.  As courts in this district have noted, false patent marking is met when "(1) an article was marked with the word patent or any word or number that imports that the article is patented; (2) the article so marked was an unpatented article; and (3) the marking was for the purposes of deceiving the public."[29]  Therefore, unless the three defendants in the three settlement licenses believed they needed to mark a product it is highly unlikely the three defendants would have marked when faced with a  potential false marking claim.  Requiring marking for a company that

---

[27] *REALTIME DATA, LLC, Plaintiff, v. ACTIAN CORPORATION ET AL., Defendants. Additional Party Names: Blue Coat Sys., Inc., F5 Networks, Inc., Riverbed Tech., Inc.*, No. 6:15-CV-463 RWS-JDL, 2017 WL 11662033, at *2 (E.D. Tex. Apr. 4, 2017).
[28] *Solas Oled Ltd. v. Samsung Elecs. Co.*, No. 2:21-CV-105-JRG-RSP, 2022 WL 1912873, at *2 (E.D. Tex. May 30, 2022).
[29] *DP Wagner Mfg. Inc. v. Pro Patch Sys., Inc.*, 434 F. Supp. 2d 445, 451 (S.D. Tex. 2006).

does not admit infringement does not further the purposes of §287(a) but rather subjects parties to settled litigation to potential false marking claims.

VDPP has notified on or about the filing date of this response each of defendants in the three litigations identified by Volkswagen; Meta Platforms, Inc. (formerly Facebook, Inc.),[30] Acer America Corporation[31] and TTE Corporation[32] of its understanding that it has complied with §287(a), the marking statute. Each of the letters serves to illustrate substantial compliance with the marking statute as each provides that it is VDPP's understanding that

1. the end of litigation between the defendant and VDPP was not a license where the defendant was looking to sell a product under any of the VDPP Patents;

2. the end of litigation between defendant and VDPP was entered into to terminate litigation and prevent future litigation between VDPP, LLC and defendant for patent infringement;

3. Defendant does not believe it produces any product that could be considered a patentable article under 35 U.S.C. §287; and,

4. VDPP, LLC believes it has taken reasonable steps to ensure compliance with 35 U.S.C. §287.[33]

At the pleading stage, before any evidence is taken, these letters further establish substantial compliance. VDPP should be allowed to amend its complaint and develop its evidence that proves substantial compliance.

**D.    The Policy Reasons for Requiring Marking under §287(a) are Balanced with Encouraging Settlement Without Admitting Infringement and the Damage Provision of §286**

---

[30] Ex. C to the Declaration of William P. Ramey, III ("Ramey Decl.")
[31] Ex. E to the Ramey Decl.
[32] Ex. D to the Ramey Decl.
[33] Exs. C, D and E at 1.

The policy of § 287 "serves three related purposes: (1) helping to avoid innocent infringement; (2) encouraging patentees to give public notice that the article is patented; and (3) aiding the public to identify whether an article is patented."[34] These policy considerations are advanced when parties are allowed to freely settle cases without admitting infringement and thus not require marking.  Volkswagen has offered no evidence that the three settlement licenses it identifies were entered into because any of the Defendants believed they infringed VDPP's patents.  Rather, discovery will likely show that none of the Defendants admitted to infringement and thus none of the Defendants would have marked a product as such marking would be false marking.

Further, license fees negotiated in the face of a threat of high litigation costs "may be strongly influenced by a desire to avoid full litigation."[35]  Such licenses may therefore have little to do with whether the parties to the settlement agreed there was infringement. In fact, the courts have long recognized the differences between settlement licenses and other licenses.[36] In the past, settlement agreements were generally not relevant in a royalty analysis "because in the usual course they do not provide an accurate reflection of what a willing licensor would do in an arm's length transaction."[37] District courts routinely exclude settlement licenses because the potential prejudice and jury confusion substantially outweigh whatever probative value they may have.[38]

---

[34] *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 950 F.3d 860, 865 (Fed. Cir. 2020).

[35] *Rude v. Westcott,* 130 U.S. 152, 164, 9 S.Ct. 463 [468], 32 L.Ed. 888 (1888).

[36] *Eidos Display, LLC v. Chi Mei Innolux Corp.*, No. 6:11-CV-00201-JRG, 2017 WL 1322550, at *4 (E.D. Tex. Apr. 6, 2017) (While settlement licenses have been used to assess damages in patent litigation, their admittance is never obtained without scrutiny because of the inherent risk they pose in skewing a reasonable royalty calculation. *See ResQNet,* 594 F.3d at 872 (noting that "the hypothetical reasonable royalty calculation occurs before litigation and that litigation itself can skew the results of the hypothetical negotiation").

[37] *Fenner Invs ., Ltd. v. Hewlett–Packard Co.,* No. 6:08–CV–273, 2010 WL 1727916, at *1 (E.D.Tex. Apr. 28, 2010).

[38] *See, e,g,, id.*

Thus, settlement licenses are not a typical license between parties to product a patent article for or under a patent.

Therefore, as there is no evidence that the three settlement licenses were anything more than a desire to end litigation, the policies of §287 are not violated. Such a result is further warranted by 35 U.S.C. §286 which allows for the recovery of damages for six years prior to the filing of the complaint.[39] Here, if allowed to amend its complaint and plead compliance, there is no record evidence that shows a failure to substantially comply with §287.

**E. Alternatively, VDPP Drops its Claims for U.S. Pat. No. 9,426452 and Asserts only the Method Claims of U.S. Pat. No. 10,021,380.**

The Federal Circuit has long recognized that there is no requirement to patent mark for a method claim.[40] Thus, if the Court determines that VDPP must mark for its apparatus claims, VDPP will dismiss all claims except for the method claims in U.S. Pat. No. 10,021,380 ("the '380 patent"). Claims 1-5, 11-15, and 21-25 of the '380 patent are directed to methods. Exhibit B to this motion for a new trial is a draft claim chart asserting Claim 1 of the '380 patent against Volkswagen that VDPP would have added to an amended complaint if allowed to amend. As the claim is not directed towards a product, its pleading removes the marking requirement. As such, if the Court disagrees with VDPP's arguments against the requirement to mark for damages, an amendment in the alternative would allow VDPP to comply with the Court's marking requirement.

---

[39] 35 U.S.C.A. § 286 (West) ("Except as otherwise provided by law, no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action").
[40] *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993) (patent marking does not apply to method claims).

9

## V.    CONCLUSION

VDPP respectfully prays for a modified judgment that VDPP is allowed to amend its complaint.

Respectfully submitted,

**Ramey LLP**

By: */s/ William P. Ramey, III*
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

***Attorneys for VDPP, LLC***

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served today, April 18, 2024, with a copy of the foregoing via the Court's CM/ECF system.

*/s/ William P. Ramey, III*
William P. Ramey, III

10