# EXHIBIT E



April 12, 2024

Acer America Corporation

General Counsel
Legal Department
333 W. San Carlos Street, #1500
San Jose, VCA 95110

Dear Sir or Madam,

I write this leAcerr to confirm our understanding of the settlement with VDPP, LLC in March of 2020 with ACER Corporation.  I am counsel for VDPP, LLC and authorized to act on its behalf. No action is needed by your company unless VDPP, LLC's understanding of the settlement agreement is incorrect.

It was my client's understanding that ACER Corporation denied that it infringed any of the asserted claims in *VDPP LLC v. Acer Am. Corp.*, 3:19-cv-4571.  Therefore, ACER would not have had any products to mark with the patent numbers from the asserted patents, including 9,426,452; 9,699,444; and, 9,948,92 and all reissues, reexaminations, continuations, continuations-in-part, and divisionals thereof, and any foreign or domestic patent issuing from any application claiming priority or deriving from or sharing a common priority claim, in whole or in part, to any of the foregoing; and all prior, current and future patents owned, held or controlled by Licensor throughout the world. ("VDPP Patents").

It is VDPP, LLC's further understanding that the end of litigation between ACER and VDPP was not a license where ACER was looking to sell a product under any of the VDPP Patents.

It is VDPP, LLC's further understanding that the end of litigation between ACER and VDPP was entered into to terminate litigation and prevent future litigation between VDPP, LLC and ACER for patent infringement.

It is VDPP, LLC's further understanding that ACER does not believe it produces any product that could be considered a patentable article under 35 U.S.C. §287.

VDPP, LLC believes it has taken reasonable steps to ensure compliance with 35 U.S.C. §287.

If ACER disagrees with this letter and instead contends that it produced a patented article during the pendency of the VDPP Patents, please identify the patented article.



Sincerely,

William P. Ramey, III