United States District Court
Southern District of Texas
**ENTERED**
July 11, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VDPP, LLC, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-2961 |
| VOLKSWAGEN GROUP OF AMERICA, INC., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

VDPP, LLC, a nonpracticing entity, sued Volkswagen Group of America, alleging that Volkswagen's 2020 Backup Camera System infringed Patent '452, which VDPP had acquired by assignment. Volkswagen moved to dismiss, identifying a number of flaws in VDPP's claims, and the court granted dismissal. (Docket Entry No. 33). VDPP has moved to alter the judgment and for reconsideration, (Docket Entry No. 37), and Volkswagen has moved for a finding that this is an exceptional case entitling Volkswagen to attorney's fees. (Docket Entry No. 35). Volkswagen has identified, and the court finds, a number of flaws in VDPP's complaint, its response to Volkswagen's motion to dismiss, and its motion for reconsideration. These flaws include:

- The patent that VDPP asserted had expired on January 2, 2022, making VDPP's claims for a permanent injunction and damages for future infringement impossible. *Lans v. Digit. Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001).

- VDPP's claim for pre-suit damages could not succeed because VDPP could not claim marking compliance under 35 U.S.C. § 287. VDPP had previously accused multiple devices of infringing the '452 patent. Those cases settled and the defendants continued to sell the patented products, but VDPP produced no evidence that these entities marked the accused products. VDPP argued that as a nonpracticing entity, it was not required to comply with § 287. The law is clear, however, that licensees as well as patent holders must comply with the marking requirements. *Arctic Cat Inc. v. Bombardier Recreational Prods., Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017).

- VDPP served initial disclosures omitting its prior settlement agreements. VDPP represented that there were no settlement agreements, only "agreements in principle." This was a lie. In fact, there were 11 settlement agreements licensing the '452 patent, all executed before VDDP said that it had no settlement agreements to disclose. (Docket Entry Nos. 35-7, 35-8). In fact, seven of the eleven settlement agreements were signed by Ronald S. Karpf, President of VDPP. None of the settlement agreements required VDPP's licensees to mark under § 287. (Docket Entry No. 36).

- Dr. Karpf signed a declaration as part of VDPP's opposition to the motion for attorney's fees, which did not mention, much less explain, his denial that settlement agreements licensing the '452 patent existed when he had signed seven out of the eleven. (Docket Entry No. 44-9).

- VDPP's failure to identify any evidence of compliance with § 287, along with the 11 settlement agreements that did not require licensees to comply with marking requirements, demonstrates that VDPP knew or should have known before suing Volkswagen that it could not allege marking compliance. VDPP's insistence that it could recover damages meant either that VDPP did not do any meaningful presuit investigation, or that VDPP knowingly asserted claims that had no merit. (Docket Entry No. 35 at 12).

- VDPP's initial disclosures addressed patents not at issue in this case, patents that pertained to a different plaintiff. (Docket Entry No. 35-7).

- VDPP had unsuccessfully presented similar allegations in other cases before leveling them against Volkswagen. *See VDPP, LLC v. Mazda Motor of Am., Inc.*, No. 8:24-cv-00571 (C.D. Cal.); *VDPP LLC v. NEC Corp. of Am.*, No. 3:24-cv-00566 (N.D. Tex.). VDPP's litigation strategy appears to be one of throwing mud against several walls and hoping some sticks.

- VDPP renews arguments unsupported by the case law and the record in its motion to amend and for reconsideration. The arguments fail, for the reasons stated in the court's opinion granting Volkswagen's motion to dismiss. (Docket Entry No. 33).

- Volkswagen pointed out the futility of VDPP's allegations early in the case and gave VDPP an opportunity to withdraw the allegations. VDPP persisted.

- In moving for amendment of the judgment and for reconsideration, VDPP doubled down, continuing to make the unsupported arguments it had made in earlier briefs. (Docket Entry Nos. 37, 44). None of VDPP's arguments overcame or cast into doubt the conclusion that it could not plausibly allege marking.

- In its motion for amendment, VDPP asserted policy arguments regarding settlement that are inconsistent with the clear requirement imposed by § 287. VDPP quoted language from *Rude v. Westcott*, 130 U.S. 152 (1889) that is not actually in the case, and *Rude* does not discuss marking at all. (Docket Entry No. 37)

2

- In seeking relief under Rule 59(e), VDPP sought leave to assert a different patent (U.S. Patent No. 10,021,380), the '380 Patent. This is not proper under Rule 59(e); this is a request to assert a new cause of action.

- One final point, small but indicative. VDPP was so sloppy in its preparation of the case that it alleged that Volkswagen was a Delaware corporation; it is a New Jersey corporation with a principal place of business in Virginia. VDPP claimed that Volkswagen had a place of business at a specific address in "San Antomio [sic]," in the Southern District of Texas. That address is of a Toyota location, not Volkswagen. And San Antonio is in the Western District of Texas, not the Southern. (*See* Docket Entry No. 33 at 5).

This is only a partial list of the flaws in VDPP's claims, flaws that VDPP knew or should have known. Perhaps the most egregious is the misstatement that there were no settlement agreements, when there were 11, most signed by VDPP's president, who nonetheless denied their existence. Counsel's failure to know the facts and present them accurately at a minimum shows a failure to conduct an adequate investigation either before or after filing suit. VDPP's insistence on doubling down on its positions after Volkswagen exposed their flaws adds to what makes VDPP's litigation positions offensive.

**I.     VDPP's Motion to Amend or for Reconsideration**

Based on the points laid out above, the court denies VDPP's motion to amend the judgment or for reconsideration under Rule 59(e). VDPP has not shown that grant of Volkswagen's motion to dismiss was a manifest disregard for the law. VDPP's argument in seeking reconsideration that marking compliance is a fact question is, as Volkswagen points out, wrong. Courts can and do resolve disputes over patent marking on the pleadings. *See, e.g.*, *Lans v. Digit. Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001). Clear case law requires a patentee to plausibly plead compliance with § 287. *Arctic Cat Inc. v. Bombardier Recreational Prods., Inc.* 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("*Arctic Cat I*"); *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020) ("*Arctic Cat II*"). It goes without saying, or should, that the patentee must be able to plead compliance with the § 287 marking requirement within the limits of Rule 11 and Rule

3

26(g) of the Federal Rules of Civil Procedure. VDPP did not do so. It attempted to plead compliance in a wholly conclusory way that Volkswagen readily exposed as inconsistent with the facts. The proposed amended complaint similarly failed to plausibly plead compliance with § 287, making the amendment futile.

The motion for amendment or reconsideration, (Docket Entry No. 37), is denied. The court next turns to Volkswagen's motion to declare this case exceptional.

## II. An Exceptional Case under 35 U.S.C. § 285

The patent statute, 35 U.S.C. § 285, provides that a party can recover attorney's fees as a sanction for litigation in "exceptional" cases—cases based on positions that are weak on the law and facts or conducted in an unreasonable manner. This case presents both grounds for finding it "exceptional" under 35 U.S.C. § 285 and for awarding Volkswagen the reasonable fees it incurred in the defense.

Courts asked to find a patent case exceptional consider the following factors: "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *In re Rembrandt Techs. LP Patent Litigation*, 899 F. 3d 1254, 1277 (Fed. Cir. 2018) (internal citation omitted). The partial list of VDPP's litigation offenses set out above are ample justification for finding this case exceptional.

Many of the positions VDPP took were frivolous and objectively unreasonable. VDPP filed suit seeking future damages and an injunction for an expired patent. VDPP sought past damages knowing that under the settled law, it could not plausibly and in good faith allege marking compliance. VDPP sought relief that was clearly precluded—future damages and a permanent injunction on a patent that had expired a year before, and past damages despite an inability to

4

allege patent marking. VDPP failed to properly disclose the 11 settlement agreements covering the '452 patent that failed to require marking by its licensees. VDPP prolonged the litigation with false statements about its settlement agreements, despite the fact that many had been signed by VDPP's president.

VDPP's legal theories were also flawed. It responded to Volkswagen's arguments by claiming that as a nonpracticing entity, it did not need to comply with the marking requirement by taking reasonable steps to enforce marking by its licensees. The law is to the contrary. *Arctic Cat I*, 876 F.3d at 1366-68; *Arctic Cat II*, 950 F.3d at 863. VDPP had 11 settlement agreements that granted licenses to the '452 patent with no marking obligation. VDPP could not plead marking compliance with § 287(a), and it did not. VDPP also attempted to respond to Volkswagen's arguments by contending that VDPP's licensees did not admit to making an infringing product. That is both irrelevant and inconsistent with VDPP's allegations that these licensees had settled VDPP's accusations of infringement.

The list goes on. VDPP made sloppy errors, over and over, from obviously incorrect venue allegations, to initial disclosures about an unrelated patent, to serving discovery despite an agreed-upon and court-ordered stay pending resolution of the motion to dismiss. These and other errors made the case even more cumbersome and difficult to handle. Such errors further support a finding of exceptionality. *See, e.g.*, *Iris Connex, LLC v. Dell, Inc.*, 235 F. Supp. 826 (E.D. Tex. 2017).

Courts have also identified repeat litigation filed by a patentee as one indication of exceptionality, especially when, as here, the plaintiff made repeated settlement demands far less than the costs of defense and unrelated to any damages theory. *See, e.g.*, *Rothschild Connected Devices Innovations, LLC v. Guardian Protection Servs., Inc.*, 858 F.3d 1383, 1389 (Fed. Cir.

2017). VDPP has asserted the '452 patent in 21 cases, across a number of different technologies. If cases *involving* the '452 patent are added, the number rises to 58 cases. Most settled early, without any merits examination. And on March 18, 2024, shortly before Volkswagen asked this court to find VDPP's litigation conduct in this case exceptional, Unified Patents filed an *ex parte* reexamination proceeding against the '452 patent.

Volkswagen has shown by a preponderance of the evidence that this case is exceptional. There is a strong need for deterrence, not only of VDPP, but of its counsel. This is not the first time a court has found that VDPP's counsel filed exceptional lawsuits under section 285. Volkswagen has pointed out a number of cases in which courts have awarded attorneys' fees against the patent clients of VDPP's clients. (Docket Entry No. 35 at 18). The grounds ranged from deficient pre-suit investigations, ignoring pleading deficiencies for months after being informed of the error, and inaccurately citing a document either knowingly or without reviewing it. (*Id*.).

In sum, both VDPP and its counsel have made this case exceptional. Their repeated misconduct underscores the need for meaningful deterrence. The remaining issue is the consequence of that finding.

**III.    The Sanction**

Section 285 authorizes an award of attorney's fees against the patentee in an exceptional case. This court also has authority to impose sanctions on counsel for the abusive litigation conduct that enabled VDPP to file and pursue this exceptional case. *See* 28 U.S.C. § 1927; *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).

The court finds VDPP and its counsel, William P. Ramey, III of Ramey LLP, jointly and severally liable for the reasonable attorneys' fees that Volkswagen incurred in defending this

case. No later than July 29, 2024, Volkswagen must submit proof of the amount and reasonableness of the fees it incurred in support of its request for fees. VDPP and its counsel may respond no later than August 19, 2024.

SIGNED on July 11, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge