United States District Court
Southern District of Texas
**ENTERED**
August 13, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VDPP, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-2961 |
| | § | |
| VOLKSWAGEN GROUP OF AMERICA, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, VDPP, LLC, filed a meritless patent infringement suit and continued to litigate it after the defendant, Volkswagen Group of America, pointed out its obvious lack of merit. The court dismissed the case with prejudice and held that VDPP and its counsel were liable for Volkswagen's attorneys' fees under 35 U.S.C. § 285 and 28 U.S.C. § 1927. (Docket Entry No. 47). The record amply supported the finding that this case was so lacking in merit as to make it exceptional for the purpose of awarding fees. (*Id.*).

Volkswagen has moved for an award of fees in the amount of $207,543.60. Volkswagen has supported its motion with a clear explanation of how it calculated the lodestar and with declarations from the lawyers who worked to defend the case and achieve the dismissal. VDPP's only argument in response is that the fee award should be limited to the portion "expended to defend the exceptional portion of the case[.]" (Docket Entry No. 49 at 1).

VDPP misses the point of the court's prior findings. The factors for determining whether a patent case is exceptional include: "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance

considerations of compensation and deterrence." *In re Rembrandt Techs. LP Patent Litigation*, 899 F. 3d 1254, 1277 (Fed. Cir. 2018) (internal citation omitted). This entire case was exceptional. VDPP sought an injunction and future damages that were clearly unrecoverable, because the patent was expired. *See Lans v. Digit. Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001). VDPP sought past damages that were clearly unrecoverable because VDPP could not plausibly allege marking compliance under 35 U.S.C. § 287. *See Arctic Cat Inc. v. Bombardier Recreational Prods., Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017). VDPP lied about the existence of prior licensing agreements that confirmed the meritless nature of its case. (Docket Entry No. 36).

VDPP wants the court to limit the attorneys' fee award to the portion of the case that is exceptional. (Docket Entry No. 49 at 1). The entire case was exceptional, from the outset, for reasons that VDPP and its counsel knew. There is no need to allocate the fees between the frivolous and nonfrivolous aspects of the case. It was all frivolous.

The remaining tasks are to determine whether the number of hours Volkswagen expended and the hourly rates charges were reasonable. "In determining the appropriate amount of attorney's fees, a district court first must calculate the 'lodestar' by 'multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers.'" *Rodney v. Elliott Sec. Sols., L.L.C.*, 853 F. App'x 922, 924 (5th Cir. 2021) (quoting *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998)). Whether an hourly rate is reasonable depends on whether that rate is consistent with the "hourly rate in the community for the work at issue." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The court finds that the number of hours spent and the rates charged by the three attorneys who represented Volkswagen are reasonable in light of the factors set out in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

2

Attorneys command high fees. Attorneys specializing in patent cases, which are often technically as well as legally complicated, are no exception. The hourly rates charged by the three lawyers who defended Volkswagen are reasonable in light of their years of experience and their expertise. The rates charged here were $979 per hour for the lead lawyer; $825 per hour for an of-counsel lawyer; and $600 for local counsel. Volkswagen provides data from PricewaterhouseCoopers showing that these rates are lower than the median 2023 rates for comparable lawyers. (Docket Entry No. 48-5). Similar surveys are routinely accepted by courts in this circuit. For example, many courts have used "the American Intellectual Property Law Association's 2021 Report of the Economic Survey, which notes average hourly rates for equity partners in Texas ranging from $339 to $900 and average hourly rates for partner-track attorneys ranging from $354 to $593." *Bobby Goldstein Prods., Inc. v. Habeeb*, No. 3:21-CV-01924, 2023 WL 8790284, at *2 (N.D. Tex. Nov. 27, 2023), *report and recommendation adopted*, No. 3:21-CV-1924-G, 2023 WL 8791178 (N.D. Tex. Dec. 19, 2023). Adjusting these 2021 figures for inflation yields similar results to the charges billed here. And Volkswagen has, if anything, been modest in seeking discounted 2023 rates for the entire case, even though much of the work took place in 2024.

The number of hours spent on the case is also reasonable. Although the facts of VDPP's litigation misconduct are egregious, they arose in a specialized area of patent law — marking requirements. Volkswagen had to do the work necessary to not only uncover the misconduct, but also to explain it to the court and to obtain appropriate relief. The fact that Volkswagen was able to do so in a motion to dismiss, rather than engaging in discovery and then moving for summary judgment, resulted in a reasonable number of hours spent. VDPP cannot successfully complain that it now has to pay fees for work that resulted from its misconduct in bringing the lawsuit,

seeking unrecoverable relief, taking frivolous and objectively unreasonable positions, and submitting false declarations. Volkswagen's work included researching, briefing, presenting, and arguing its motion to dismiss; engaging in early and targeted discovery; researching and briefing the motion to declare the case exceptional under § 285; and responding to VDPP's Rule 59(e) motion. The 256 hours billed by three lawyers was reasonable. *See, e.g.*, *Ortiz & Assocs. Consulting, LLC v. VIZIO, Inc.*, No. 3:23-CV-791, Docket Entry No. 46 (N.D. Tex. Apr. 23, 2024) (finding 261.7 hours of attorney time reasonable for a case dismissed for lack of marking under § 287 in another case brought by Mr. Ramey). And Volkswagen has shown billing judgment by applying a 10% reduction across the board, billing at 2023 rates, and not including any paralegal time in the amounts it seeks.

VDPP's misconduct infected the entire litigation. It is entirely fitting to require VDPP to pay all of Volkswagen's fees to defeat a case that never should have been filed. Indeed, VDPP's protestations fit the classic definition of "chutzpah." VDPP displays some nerve in asking this court to relieve it of the consequences of its own misconduct.

Volkswagen's motion to recover $207,543.60 in fees is granted.

SIGNED on August 13, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

4